(No. 25186.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER MALIN *et al.* Plaintiffs in Error.

*Opinion filed December 12, 1939.*

FRANK A. McDONNELL, and ELWYN E. LONG, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and A. B. DENNIS, (EDWARD E.
WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and
BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Peter Malin and John Itof were convicted in the crim-
inal court of Cook county upon two separate charges of
burglary. Malin was also convicted of an assault with a
deadly weapon. Their sentences are to run concurrently.
The defendants have sued out this writ of error.

Defendants waived their right to a jury trial and the
causes were tried before the court. By three separate in-
dictments, Malin and Itof were charged with the burglary
of the dwelling-house of Alvin M. Cowen, and the larceny
of $200, on April 27, 1938; the burglary of the dwelling-
house of Arthur J. Doyle, and the larceny of chattels and
money therein contained, on March 11, 1938, and Malin
was charged with an assault with a deadly weapon upon ·
police officer John H. Tonning, April 27, 1938. The testi-
mony consisted entirely of stipulations as to what the wit-
nesses for the People would testify. No evidence and no
stipulations were introduced by defendants. The evidence
in support of each indictment will be set forth later in this
opinion.

Defendants contend the court erred in allowing all the
evidence to be established by stipulation, at least without
warning them of their constitutional right to meet the wit-
nesses face to face. With this we cannot agree. This con-
stitutional right may be waived. Stipulations of testimony
in criminal cases are recognized by statute. (Ill. Rev.
Stat. 1939, chap. 38, par. 738.) We have held that where
testimony or evidence is stipulated into the record, defend-
ant cannot object on appeal. (*People* v. *Claussen,* 367 Ill.
430; *People* v. *Schultz-Knighten,* 277 id. 238.) We see no
reason for holding the entire evidence may not be stipulated.

The defendants were represented by competent counsel, and we must presume they thought defendants' interests would not be prejudiced by stipulating what the People's witnesses would testify instead of having them testify on the witness stand. The court, in such circumstances, did not err in failing to warn them of their constitutional right to meet the witnesses face to face. Defendants' contention that the court erred in considering, in each case, the evidence introduced in the other cases, is without foundation. The record shows that all the evidence in one case was introduced, and after that the evidence in the next case presented. Some of the evidence in the Cowen burglary was the same as in the assault with a deadly weapon case, but it was competent in both. Each case was tried separately. Moreover, no objection was made. The contention cannot be sustained.

Defendants' contention that their guilt was not proved beyond all reasonable doubt requires a review of the evidence. The evidence in the Cowen burglary, and in the charge of assault with a deadly weapon, is substantially the same and may be stated together. Alvin M. Cowen resided in an apartment at 2445 North Sawyer avenue, Chicago. April 26, 1938, he retired about 11:00 P. M. At approximately 3:00 o'clock the next morning he was awakened by the sound of footsteps in the apartment, and he saw the figure of a man running down the hallway. In a moment or two he heard shots in the alley at the rear of the house. An envelope bearing the printing "Hollywood Paint Shop," his place of business, and containing $200 in cash, was missing. It was stipulated that John Vrablik was walking south on North Sawyer avenue in the vicinity of the 2400-block about 2:45 o'clock the morning of April 27, when he saw one man boost another into a window above an English basement at 2445 North Sawyer avenue. Vrablik then went and called the police. Thomas Beckmeyer and Bud Nonnemacher walked back to the scene

with him. They saw a man dart across the street from 2445 North Sawyer avenue. He was apprehended by the police within a few minutes, and was identified as the man Vrablik had seen boost the other into the window. Beckmeyer heard shots in the alley and ran over to the rear of 2454 North Kedzie avenue, where he saw a police officer, who had a man in the basement at 2454 North Kedzie avenue. He went with the police officers into the basement and looked out the window and saw a man, whom he later identified as Peter Malin, put his head out of Dr. Stober's bathroom window. He stayed around the scene with the police until 7:00 o'clock that morning, when they again chased Malin and apprehended him in the rear of 3271 Altgeld street. It was stipulated that Dr. Stober, a physician, would testify he resides at 2454 North Kedzie avenue and has an office in the basement. About 3:30 on the morning of April 27, he heard shots fired in the rear of his building, went out and learned from police and neighbors that somebody was in the building. About 6:40 that morning the buzzer sounded from his office, indicating the office door was being opened. He went to the office and saw Malin walking out and Dr. Stober asked him what he wanted; Malin said he was sick, but continued to walk out. Malin went west on Altgeld street; Dr. Stober pointed him out to the police, and in a few minutes they brought Malin back to Stober's office.

It was stipulated that police officer, John Tonning, would testify that about 3:30 o'clock in the morning of April 27, 1938, in answer to a call, he responded to 2445 North Sawyer avenue. He went to the rear of the address and saw a man whom he later identified as the defendant Peter Malin, run off the back porch. Tonning chased him, ordered him to halt, telling him he was a police officer; but that, while within twenty feet of him, defendant turned and fired three shots at him. Tonning then fired at Malin, who ran into a gangway at 2454 North Kedzie avenue,

where he broke the window leading into the basement apartment. Upon searching this basement they could not find Malin. Tonning remained on duty in the neighborhood, waiting for Malin to show up. About 6:40 A. M., Dr. Stober pointed Malin out to Tonning as the man who had just left his office. Malin was then chased to the rear of 2271 Altgeld street, cornered in the basement and taken into custody. The envelope which had contained the money was found that morning in the areaway in the rear of 2454 North Kedzie avenue, but the money was not recovered. This envelope was introduced in evidence over the objection of defendants. It was also stipulated entrance to the Cowen apartment was gained through a front window and exit through a rear window. A statement of defendant Itof was introduced in which Itof admitted his participation in the burglary. This statement was not considered against Malin. Some argument is made that this was not a voluntary statement, but the statement says it was. No motion to suppress was made and there is no evidence to support the claim that it was obtained by force and brutal treatment. Hence, we must consider the statement a voluntary one.

In this state of the record there is no merit to the contention Itof's guilt was not proved beyond a reasonable doubt. As to defendant Malin, it is argued it was impossible for him to be identified by the various witnesses at 3:30 in the morning. However, several witnesses positively identified him, and officer Tonning, who saw him run off the back porch, was within twenty feet of him when they exchanged shots. Defendants introduced no evidence to contradict the People's witnesses, nor did they show it was so dark that identification was impossible or even improbable. Defendants' guilt was proved beyond a reasonable doubt.

Defendants next complain of the court's action in admitting the envelope which had contained the money, over

their objection. They admit it was competent as tending to prove the *corpus delicti,* but argue it had no probative force in connecting Malin with the crime. It was found within a few hours after the commission of the crime near a place where Malin was standing during his pistol encounter with officer Tonning, and was competent circumstantial evidence.

In the Doyle burglary, it was established that on the night of March 11, 1938, the Doyle apartment was burglarized and a Philco radio and other articles of personal property taken. When Itof and Malin were arrested, April 28, 1938, the police took a set of keys from each of them. Each set opened the door of a room occupied by Itof and Malin, and in this room the police found the radio, which was later identified as the one that had been stolen from the Doyle apartment. At the police station, Itof made statements admitting his guilt and also implicating Malin. However, the court stated it would not consider the statement against Malin.

Thus the only evidence against Malin is his possession of the stolen property. The rule is that to warrant an inference of guilt from possession of stolen goods the possession must be exclusive, though it may be joint, and it must be recent. Such possession after a theft is sufficient to warrant a conviction, unless the attending circumstances, or other evidence, so far overcome the presumption it raises as to create a reasonable doubt of the defendants' guilt. (*People* v. *Strutynski,* 367 Ill. 551; *People* v. *Norris,* 362 id. 492; *People* v. *Overbey,* id. 488.) Defendants argue the rule is inapplicable here because the possession was not recent. Approximately six weeks had elapsed from the time of the burglary until the radio was found in Malin's possession. Recency of possession is ordinarily a question of fact for the jury, or for the trial court when a jury trial has been waived, although in extreme cases it may become a matter of law. In determining this question, time

is an important element to be considered, but is not the only one. The circumstances and character of the goods, their salability, whether they are cumbersome or easily portable are also among the factors to be considered. No definite time can be fixed as to when, as a matter of law, possession is or is not recent. (36 Corpus Juris, (Larceny) par. 428 (2), p. 870; 17 R. C. L. (Larceny) sec. 78, p. 73; Underhill on Crim. Ev. (3rd ed.) par. 469, p. 675; *People v. Kubulis,* 298 Ill. 523.) In our opinion we cannot say, as a matter of law, that possession of a radio in one's room six weeks after its theft, is not a recent possession sufficient to warrant a conviction, in the absence of any evidence or circumstances tending to overcome the presumption of guilt it raises.

The judgments of the criminal court of Cook county are affirmed.

*Judgments affirmed.*