(No. 26817.—<span style="background:black">        </span>

The People of the State of Illinois, Defendant in Error, *vs.* Leon Tuttle, Plaintiff in Error.

*Opinion filed January 21, 1943—Rehearing denied March 10, 1943.*

Charles P.' R. Macaulay, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error, together with others, was, on March 3, 1934, found guilty in the criminal court of Cook county of murder. He was shortly thereafter sentenced to life

imprisonment. He now brings this writ of error seeking reversal of that judgment.

He was charged with the killing of one John Merck, a bookmaker, operating in the city of Chicago. The killing took place during a holdup of the bookmaker's place of business on February 15, 1933. One Mart, also a defendant under this indictment, was granted a separate trial and testified for the People. The errors assigned are as to the weight of the evidence, rulings on instructions and on motion for new trial.

Two witnesses positively identified plaintiff in error as present at the time and place of the offense, with a gun in his hand. These witnesses testified also as to his participation in the murder. The record also shows that plaintiff in error made a confession of the crime, drew a diagram of the room in which it took place, describing the location of the furniture and fixtures, and indicating his position prior to and during the murder. The admission of this confession is assigned as error for the reason that a written confession had been taken which was not introduced in evidence. It appears, however, that no such objection was made and preserved in the trial court and so is not before us on review.

It is also urged the confession was obtained through force and violence, and so was not voluntary. The court heard evidence on this point before admitting the evidence of confession, and ruled against the objection made at the trial. A court reporter, five policemen and the assistant State's Attorney all testified that no threats or promises were made to plaintiff in error, nor was violence committed against him. There is no proof of use of force, violence or compulsion except in plaintiff in error's own testimony. No error intervened in admitting the confession.

Plaintiff in error's main contention is that the court erroneously instructed the jury. The case was tried under the rules of this court in effect in January, 1934. Under

Rule 27, instructions in criminal cases were then required to be given in accordance with section 67 of the Civil Practice Act as it then existed. Under that section a party's attorney was required to make specific suggestions and objections to instructions given by the court if he would avail himself of the right to have them reviewed by this court. This, the plaintiff in error's counsel did not do. General objections were made to the instructions as given by the court but they did not comply with the requirements of section 67 of the Civil Practice Act as then in force. (*People* v. *Mizzano,* 360 Ill. 446.) The errors as to instructions are therefore not subject to review.

It is further argued that the court erred in refusing to give certain instructions offered by plaintiff in error. However, as he does not point out wherein the court erred in this respect, and does not argue the point in his briefs, it is deemed to have been waived. No error has intervened in this record requiring reversal. The judgment is therefore affirmed.

*Judgment affirmed.*