(No. 35717.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM KELLEY, Plaintiff in Error.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

ROBERT WOOD TULLIS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, MARVIN E. ASPEN, and ALAN S. GANZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

William Kelley and one Monroe Robinson were jointly tried in the criminal court of Cook County for the crime of armed robbery. A finding of guilty was entered by the trial judge, who heard the case without a jury, and the defendants were sentenced to the penitentiary. In *People* v. *Robinson,* 21 Ill.2d 30, we affirmed the judgment of conviction as to Robinson and the present writ of error is prosecuted by the defendant Kelley alone.

A full statement of the evidence in the case is contained in the *Robinson case,* and it is unnecessary to restate the evidence here except insofar as it may become necessary for a proper understanding of the issues. The defendant first contends that he was prejudiced by reason of the fact there were several continuances in the case with the result that there was a lapse of considerable time between the testimony of certain State's witnesses. The abstract shows that when the case was called for trial the State was ready to proceed but the defendant was not ready because two witnesses who had been subpoenaed were not present. The assistant State's Attorney stated that he had no objection to continuing the case but requested that he be granted permission to introduce the testimony of one prosecution witness who was a resident of Ohio and who had come to Chicago for the purpose of the trial. There was then some discussion between the court and counsel as to whether the defense witnesses had been properly subpoenaed. Following this discussion the trial judge stated that the State could put in the testimony of the witness from Ohio and that if the defense wanted to make a motion to continue the case so as to obtain the missing witnesses, the court would grant a continuance. The defense attorney replied, "all right, Judge." The testimony of the Ohio witness was then intoduced and the case was continued. An interval of several weeks elapsed until the case was again resumed. At this

time the other prosecution witnesses and the defense witnesses testified. The defendant now argues that he was deprived of due process of law by reason of the delay, and contends that the trial judge at the second hearing did not have a clear recollection of the testimony which was introduced on the first day. Defendant has cited no authority to sustain his contention. We are of the opinion that in view of the fact that defendant's attorney acquiesced in the procedure now complained of, the defendant is not in position on this writ of error to contend that he was prejudiced. Furthermore, the record fails to sustain the defendant's charge that he was in any way prejudiced, and any claim of prejudice cannot be based upon mere conjecture.

The defendant's other claim is that evidence obtained through an unlawful search was introduced against him. The record indicates that James Lanum, the victim of the armed robbery, testified that two men accosted him in a parking lot, hooked a cane around his neck, threw him to the ground and took his watch and wallet. The two men then ran down the alley. Immediately after the robbery two police officers who were cruising in their police car observed the defendant and Robinson running down the alley away from the parking lot. The officers ordered the defendant and Robinson to halt and ordered them to empty their pockets. The defendant produced from his pocket a watch, and Lanum, who had by that time arrived on the scene, identified the watch as the one which had been stolen from him. A cane was found in the alley a short distance away. There is some conflict in the State's testimony as to whether the defendant also had Lanum's wallet in his possession or whether it was found on the ground a short distance from where the officers had stopped the men. The defendants denied that either of them had ever possessed Lanum's watch and wallet and testified that the police officers found the watch and wallet about forty feet down the alley. At the trial the defendant moved to suppress the wallet and watch.

The court stated that it was his understanding that in such a motion it was necessary for the defendant to make a claim of ownership or a proprietary interest in the property. Defense counsel then stated that the defendants were not claiming any ownership. The court then said, "Are they claiming anything else?", and the defense attorney replied that they were not. We have held in numerous cases that where a defendant neither claims ownership or demands the return of the property alleged to have been illegally seized, he can not complain of the seizure or the introduction of the property in evidence against him. (*People* v. *Perroni,* 14 Ill.2d 581; *People v. Gambino,* 12 Ill.2d 29; *People v. Exum,* 382 Ill. 204.) Under the doctrine of these cases it is clear that the defendants lacked standing to raise the question of an alleged illegal search. In the defendant's brief in this court it is conceded that if the rule set forth in the above cases is still in force in this State, the defendants could not challenge the alleged illegal search and seizure, since they denied any interest in the property. The defendant contends, however, that this rule is no longer in effect, relying upon *People v. Mayo,* 19 Ill.2d 136. In the *Mayo case,* which involved a prosecution for unlawful possession of policy slips, we held that where the State charged a defendant with possession of contraband and relied upon his possession to obtain a conviction, it was not necessary for the defendant to allege possession in his motion to suppress. In so holding we relied upon *Jones v. United States,* 362 U.S. 257, 4 L.ed. 2d 697. The *Jones case* involved a prosecution for unlawful possession of narcotic drugs and the United States Supreme Court held that where the prosecution was based upon possession and possession was charged in the indictment a defendant need not allege that he was in possession of the articles taken in a search. Both *Jones* and *Mayo* involved cases where the defendants were charged with the possession of the articles taken in a search. The rationale of these cases is that the government can not take

conflicting positions by charging a defendant with possession and at the same time claim that the defendant can not raise the question of illegal search because he denies possession.

In the *Jones case*, the United States Supreme Court clearly pointed out the conflict which necessarily arises from such a contention by the government. The court states in 362 U.S. 257, 263, "Petitioner's conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government."

It is apparent that the conflict which is present in cases such as *Jones* and *Mayo* is not present here because the People are not here charging the defendants with possession of any articles taken in the search. The charge in the indictment is armed robbery and the articles allegedly taken in the search are only evidence of the defendant's guilt of that crime. Furthermore, in the present case the defendants denied that the articles were taken from them and claimed that they were found some distance away from them, at a place where they had never been. The contradictory position in the present case is not based upon any claim by the People, but is taken by the defendants themselves, for it is clearly contradictory for the defendants to deny that they ever possessed the articles and at the same time claim that the articles were taken from them through an illegal search. For the reasons stated herein we are of the opinion that the trial court properly held that the defendants lacked standing to raise the question of an

illegal search. We, therefore, find it unnecessary to consider the circumstances of the search.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*