(No. 35412.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT JACKSON, Plaintiff in Error.

*Opinion filed September 29, 1964.*

SCHAEFER, J., dissenting.

JOSEPH M. SOLON, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Robert Jackson, herein referred to as defendant, and DeSoto Allen were convicted of murder in a joint bench

trial in the criminal court of Cook County. Jackson was sentenced to the pententiary for a term of 30 years and a writ of error has been issued to review his conviction.

Isaac Berger was shot and killed during a robbery of his grocery store between 5 :00 and 6 :00 o'clock P.M. on February 27, 1956. Ollie Brown, Jr., a customer, entered the store during the robbery and saw two robbers, one of whom had a gun. As he ran from the store to call the police, he heard a shot. He identified DeSoto Allen as the person who had the gun, but he could not identify the other man. John Anderson, who lived in an apartment above the grocery, testified that at the time in question he heard a shot and saw three men run out of the store. The only one he could identify was the defendant. A joint confession of defendant and Allen was admitted into evidence.

Defendant testified that he was at his mother's home at the time of the robbery, which testimony was corroborated by that of his mother and his 12-year-old brother. He further testified that he made the confession because police officers Herring and Charles beat him until he confessed. Allen testified that he was at home at the time of the robbery and that he confessed because the same police officers had beaten him.

Defendant contends that the trial court erred when it admitted the confession in evidence without a preliminary hearing. The People argue, on the other hand, that defendant did not request a preliminary hearing on the admissibility of the confession and the trial court properly admitted it. Defendant's counsel objected to the admission of the confession on the ground that it did not show that defendant's constitutional rights were explained to him, it was not signed, and that it is highly irregular and improper and without proper foundation. A confession to which no objection is made is properly admitted in evidence without the introduction of preliminary proof. (*People* v. *Molin,* 372 Ill. 422,) but if an objection is made, it is the duty of the

court to hear such evidence as the parties may present concerning the circumstances under which the confession was made. (*People* v. *Wagoner*, 8 Ill.2d 188.) It was also said in the *Wagner* case and in *People* v. *Frugoli*, 334 Ill. 324, 334, that an objection that no foundation has been laid for the admission of the confession is sufficient to call for a preliminary hearing on its admissibility.

We believe that under the circumstances of this case, defendant's objection to admission of the confession without a specific request for a hearing was sufficient to call for a hearing on the voluntariness of the confession. The failure to conduct a hearing on admissibility does not, however, require a reversal of the trial court's finding of guilty. See *Jackson* v. *Denno*, (U.S.) 12 L. ed. 2d 908, 84 S. Ct. 1774; *People* v. *Wright*, 30 Ill.2d 519; *People* v. *Beattie*, 31 Ill.2d 257.

Defendant argues that the evidence does not support the conviction because the confession was not corroborated, and because Anderson's identification of defendant cannot be believed. The record does not support defendant's assertion that there is no evidence to corroborate his confession. There is sufficient testimony to show that Isaac Berger was killed during a robbery of his store, that defendant was in front of the store before the shooting and that he ran out of the store immediately after the shooting.

The testimony of DeSoto Allen, the accomplice, did not implicate defendant in the crime. Allen's confession implicated defendant, but Allen's confession was not considered in determining defendant's guilt or innocence.

Defendant's final contention is that Anderson's identification cannot be believed because he said Jackson had a hat on his head, while Brown testified that Allen had a hat on his head. The record shows that Anderson said "This fellow here had on a cap." It is not clear whether he was referring to defendant or Allen. In any event the discrepancy,

if any, is not such as to entirely discredit Anderson's identification.

The cause is remanded for a hearing on the voluntariness of the confession. If the confession is found to be involuntary, the trial court will vacate the judgment of conviction and grant defendant a new trial, otherwise the trial court will enter a new judgment of conviction.

*Cause remanded, with directions.*

Mr. JUSTICE SCHAEFER dissenting:

I agree that it was error to admit the confessions of the two defendants into evidence without a hearing as to their voluntariness. But the record discloses circumstances which, in my opinion, make it inappropriate to remand the case solely for a determination of the voluntariness of Jackson's confession.

Three defendants were indicted for this crime. All three pleaded not guilty and were tried together. One of them was discharged at the close of the prosecution's case and the trial continued as to the other two, Jackson, whose writ of error is presently before us, and De Soto Allen, whose case is not now before us. The confession admitted in evidence was a single court reporter's transcript showing the questioning first of one defendant and then of the other, in each other's presence and hearing. Allen's confession named Jackson, and Jackson's named Allen. No effort was made in the trial court to separate the two confessions. The statement of the trial judge that "There is no evidence that there was a gun in the hands of Jackson at that time except by the accomplice," can refer only to Allen's confession, and it at least suggests that Allen's confession was taken into account in determining Jackson's guilt. There is no contrary indication.

The circumstances attending the taking of the confession of the defendant, De Soto Allen, are such that in my opinion it was inadmissible. Allen became 17 years old on

January 28, 1956. The murder was committed around 6 P.M. on February 27, 1956. Later that evening Allen was picked up on the street about two blocks from the store in which the murder was committed, and he and the two boys who were then with him were taken to the police station. At that time Ollie Brown, one of the witnesses for the prosecution, was brought in to look at the boys, but he did not identify any of them. At about 8:30 P.M. on the following night two police officers came to Allen's home and again took him to the police station. He was placed in a cell and questioned, and was held from Tuesday night until Thursday morning, when he was released. He testified that no one struck him on the occasion of these first two arrests.

On March 15 at 2 A.M. the police again arrested Allen at his home. His father accompanied him to the police station on this occasion but was told to go on home and that his son would be home in a little while. Allen testified that it was while he was held in custody on this occasion that he was beaten by the police. He was questioned during the balance of the night, and during the day of March 15 he was taken from the police station and was given a lie detector test. He was returned to the station about 3:30 in the afternoon. He testified that he then went to sleep but was awakened by the police officers and was again beaten until he confessed and implicated the defendant Jackson. The Assistant State's Attorney who was summoned to question the defendants arrived at the police station at about 2:25 A.M. on March 17 and the confession that was admitted in evidence was taken at that time. Both Jackson and Allen refused to sign the confession the following morning.

Entirely apart from any question as to whether Allen was beaten by the police, I believe that his confession can not be regarded as voluntary. He was taken into custody three times, and detained overnight on two different occasions. The third arrest was in the middle of the night, and it was followed by a false statement by the police to his

father, and deprivation of sleep during questioning that continued through the night hours on two successive nights. These circumstances were in my opinion inherently coercive, and they rendered Allen's confession inadmissible. There is no suggestion that Allen was cautioned, or advised of his right to counsel, at any time.

Moreover, the evidence offered by the prosecution in addition to the confessions was, in my opinion, extraordinarily weak. The witness Ollie Brown testified that he entered the store while the robbery was in process. He saw one of the robbers, whom he identified at the trial as Allen, engaged in conversation with the deceased at about the center of the store, and a second robber, whom he was unable to identify, at the rear of the store. Brown testified that he heard the fatal shot fired as he ran out of the door of the store and that he ran across the street to his brother's tavern and got his brother to call the police. When the police come to the scene, however, Brown remained in his room, and did not then tell the police what he had seen and heard. Although Brown identified Allen at the trial, at the coroner's inquest he had been asked, "Do you think you would recognize them again, if you saw them?", and he had answered, "I could recognize the clothes but the faces I do not know." He also testified that he did not identify Allen from a line-up at the police station. His explanation was that he recognized Allen at the line-up but told the police that he did not because he was scared. "Well I did not know whether there was a gang or what, and I did not want to be involved in it in any kind of way." His testimony at the coroner's inquest that he was able to recognize the robbers by their clothing, however, is only dubiously consistent with his explanation.

The testimony as to the defendant Jackson comes from a different witness, but it is equally weak. John Anderson testified that he lived above the store in which the murder was committed; that about five o'clock on the evening of

February 27, 1956, he opened a window to get some fresh air, looked down, and "I seen a kid walk from around in front of Mr. Berger's store. He went right across and go back and come back a second time." He stood watching about ten minutes and then heard a noise like a pop gun and saw a "kid come out of the store and run across the street and an older man come out of the store and run in the tavern." "Another young fellow came out of the store and he went around the corner. I could not get a glance of him." In court he identified the defendant Jackson, who was 23 years old, as the "kid" whom he saw walking up and down. He testified that Jackson was wearing a cap, pulled down, and that only one of the three persons who ran out of the store was wearing a cap. His statement, "This fellow here had on a cap," could only have referred to the defendant Jackson. He had previously identified Jackson as "this fellow," and he had testified that he could not identify the other two men who ran out of the store. The witness Brown, however, had testified that Allen was wearing a cap.

On cross-examination Anderson testified that while he and some friends had talked about the matter, until the morning of the day that he testified in court he had never reported to anyone in authority what he saw on the evening of the murder. On that morning, he testified, a police officer "came around," asked him to come to court, and he did so.

In my opinion upon this record it is not appropriate to remand for a hearing limited to the voluntariness of the joint confession. The judgment of conviction should be reversed, and the cause remanded for a complete new trial.