(No. 38329.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD JOLLIFF, Plaintiff in Error.

*Opinion filed November 24, 1964.*

SAM ADAM and ANTHONY F. MANNIA, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ROBERT K. KELTY, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Edward Jolliff, together with one Jim Honson and Lee Ryan, was indicted by the grand jury of the criminal court of Cook County for the crime of armed robbery. The defendant was tried separately by a jury and found guilty and sentenced to the penitentiary for a term of not less than 3 nor more than 6 years.

The defendant does not claim that the evidence was insufficient to establish his guilt, and it is therefore unnecessary to recite the evidence in detail. The indictment charged him with armed robbery from the person of Edward Chynn. The State's evidence showed that Chynn was a member of a private club whose members were all persons of Oriental extraction. In the early morning hours, Chynn and other members were playing cards in the club. The State introduced testimony to show that the defendant and

others entered the club under the pretext that they were police officers who were raiding the gambling game and took money from several members, including Edward Chynn. Chynn did not testify at the trial and the defendant contends that by reason of his failure to testify there was a variance between the indictment and the proof, and also argues that the defendant was denied his constitutional right to confront the witnesses against him. We find no merit in these claims. The testimony that money was taken from Chynn, if believed by the jury, was sufficient to establish the crime charged in the indictment and it was not necessary that Chynn himself testify. (See *People* v. *Renallo,* 410 Ill. 372, 376.) The constitutional provision relied upon by the defendant is inapplicable. It guarantees the defendant the right to be present in court and hear the witnesses testify, and the right to subject them to cross-examination, but does not guarantee that the victim of the crime testify in person.

The first witness for the State was asked whether he had heard any conversation by the defendant at a police line-up. Over a general objection by counsel for the defendant, the witness replied that a police officer asked the defendant whether he had "stuck up" the place and the defendant replied, "Yes". Counsel for the defendant then stated that he objected to any questions and answers on the ground that the answers of the defendant were involuntary. Counsel requested that a hearing be held out of the presence of the jury to determine whether the defendant's statements were voluntary but the court denied the request. Later in the trial another witness was asked whether the defendant had made any statement and counsel again objected and requested that a preliminary hearing be held. The court overruled the objection and denied the request and the witness testified that the defendant had admitted the crime. Still later, a police officer was asked the same question and counsel made the same objection and again requested a pre-

liminary hearing be held. The court overruled the objection and denied the request and the witness testified that the defendant had admitted the robbery.

The defendant testified that prior to the line-up he was beaten and kicked by a police officer over a period of approximately two hours. During the cross-examination of the defendant on this point the court stated in the presence of the jury that the defendant had made some serious accusations against the arresting officers and that the State had the right to show the jury whether the defendant was telling the truth.

In rebuttal the prosecutor stated that due to the fact that counsel for the defendant had raised, in the middle of the trial, an "allegation and insinuation" that the defendant's statement was involuntary, the State was asking the court to reconsider its previous ruling and hear testimony out of the presence of the jury on the question of whether the confession was voluntary. Counsel for the defendant responded by stating that he had not raised the issue in the middle of the trial but had raised it at the first opportunity and had renewed the objection each time testimony concerning the defendant's statement was offered. Counsel renewed his contention that a hearing should have been held before testimony concerning the statements was admitted before the jury. The court asked him whether he wished to waive his right to a hearing at the present stage of the trial and counsel replied that he did not wish to waive such a hearing but felt that it should have been conducted before evidence of the statements had been admitted. The court then heard testimony out of the presence of the jury by the officer who had allegedly beaten the defendant in which he denied any improper conduct. The State rested its case on the hearing at the conclusion of the officer's testimony and the defendant did not testify at that hearing. The court then ruled that the confession was voluntary.

It is settled that a defendant who objects to the admission of a confession is entitled to a fair hearing in which the voluntariness of his confession is actually and reliably determined. (*Jackson* v. *Denno*, 378 U.S. 368, 12 L. ed. 2d 908, 84 S. Ct. 1774, 1783.) The defendant's oral statement in which he admitted the crime charged in the indictment was such a confession. When counsel for the defendant promptly raised the issue of the voluntary nature of the confession it became the duty of the court to hold a hearing out of the presence of the jury to determine that issue. The court's denial of the request for such a hearing was prejudicial error. The error was not cured by the subsequent hearing during the State's case in rebuttal since on three separate occasions the evidence of the confession had already been admitted before the jury. The object of the rule requiring a preliminary hearing is to exclude from the jury's consideration any evidence of a defendant's confession until the court has made an independent determination that the confession is voluntary. A hearing after the evidence has been submitted to the jury does not accomplish this purpose. Because of this error the judgment of conviction must be reversed and the cause remanded for a new trial.

We believe that it is appropriate to discuss some of the other claims advanced by the defendant since they relate to matters which might occur on a retrial of the cause. During the direct examination of a witness for the prosecution the witness stated that he had given the police officer a description of the man who had committed the robbery and that the officer wrote down the description. Counsel for the defendant moved that the description given the police officer be furnished to the defendant for possible use for impeachment. The prosecutor objected on the ground that the defendant was "only entitled to statements of witnesses who take the stand, of their statement, not what he said to somebody else." The prosecutor claimed

that the defendant was not entitled to this witness's written statement until the prosecutor put the police officer on the stand. The court sustained the prosecutor's objection. In so ruling the court erred. Counsel requested the statement of the witness so that he might use it to impeach the witness and not for impeaching the police officer who had written down the description, and the court should have directed the prosecutor to furnish the statement to counsel for the defendant for that purpose. The State contends in this court that the trial court's ruling was correct because an insufficient showing had been made that such a written description existed. There was no such contention advanced in the trial court and there is nothing in the record to indicate that such a statement did not exist.

The defendant also claims that the court erred in refusing certain instructions tendered by the defendant. Two of the instructions concerned the effect to be given by the jury to evidence of good character offered by the defendant. These instructions, in general, advised the jury that evidence of good character might by itself create a reasonable doubt and produce an acquittal. A similar instruction was held improper in *People* v. *Bartz,* 342 Ill. 56, 67. The other instructions concerned the confession of the defendant. In general they advised the jury that a confession is inadmissible if it is involuntary; that if the jury had a reasonable doubt as to how the confession was obtained they should return a verdict of not guilty; and that the jury could completely disregard the confession if they found that it was involuntary. We have recently reaffirmed the rule that the trial judge is the sole arbiter of the voluntary nature and the admissibility of a confession and held that it was not error to refuse an instruction giving the jury the right to determine the admissibility of the confession. (*People* v. *Kamp,* 29 Ill.2d 321, 324.) The court did not err in refusing these instructions.

The other assignments of error relate to matters which

probably will not arise upon a new trial and we find it unnecessary to consider them here.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*