(No. 38533.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD R. FRENCH, Plaintiff in Error.

*Opinion filed September 28, 1965.*

JOHN E. McGOVERN, JR., of Chicago, (CHARLES R. STALEY, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ALBERT J. ARMONDA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was convicted of burglary and theft after a bench trial in the circuit court of Cook County. He was sentenced to a term of 7 to 14 years imprisonment. This writ of error seeks reversal on the grounds that: (1) alleged oral confessions were admitted against defendant in violation of the 6th and 14th amendments to the U.S. constitution, (2) evidence admitted against defendant was seized during an unconstitutional search, (3) a mistrial should have been declared because of highly prejudicial statements of one of the State's witnesses.

The testimony indicates that on October 30, 1962, the apartment of Gloria Bates, the complaining witness, at 7726 South Eggleston, Chicago, was broken into and that several articles were taken therefrom.

Upon information received through investigation, Chicago detectives on November 1, 1962, went to the abode of David Hayes at 2133 South Harding, Chicago. After questioning during which incriminating statements were allegedly made, and a search of Hayes's car without a warrant and with no apparent consent of Hayes, the latter and one Robert Brown were arrested in connection with the instant burglary. They were subsequently indicted as co-defendants

along with Richard French, defendant herein. A *nolle prosequi* was entered as to Brown.

After taking Hayes and Brown to Area 2 police headquarters and interrogating them further, the detectives took Hayes to the apartment of Alice Cooper at 2135 South Harding Avenue. The testimony is in conflict as to whether defendant French was living with Miss Cooper at the above address, but French, himself, denied at the trial that such was the case. He stated that he was courting Miss Cooper, but did not live there. Pursuant to Alice Cooper's consent, the detectives commenced a search of the apartment during which several items subsequently identified at the trial as those missing from the Bates apartment were discovered. About 10:00 P.M. on November 1, 1962, according to one version of the occurrences, Richard French· came into Alice Cooper's apartment, was confronted by the detectives, and after a few questions admitted participation in the burglary. According to another version, French was arrested outside the Cooper apartment and brought into the premises and questioned. Defendant testified that he was told to take a good look at Hayes and tell the officers all about the burglary. Hayes's face and hands were allegedly swollen. Upon seeing Hayes, defendant admitted participation in the instant burglary, his testimony intimating that he feared for his physical safety and that this prompted the confession. In any event, defendant was arrested and taken to Area 2 headquarters where he allegedly, in the presence of co-defendant Hayes and the officers, fully orally admitted complicity in the burglary. No written statements were obtained.

All of the officers present during the confessions, save one who was unable to attend on account of his child's illness, were present and testified at the trial. All denied any physical maltreatment of either Hayes or defendant French.

Defendant's principal contentions are (1) that the oral confessions should not have been admitted into evidence be-

cause defendant, at the time they were given, had not been apprised of his constitutional right to remain silent and his right to counsel; (2) that evidence admitted at the trial was taken during an unconstitutional search and seizure. It is also contended that the confessions should not have been admitted because of the prosecution's failure to produce a material witness present at the time they were made. However, the State points out that no objections were made at the trial to the admission of the oral confessions and the items seized at Alice Cooper's apartment. It is well settled that objections to the admission of evidence not made in the trial court will not be considered on appeal, e.g. *People* v. *Witherspoon,* 27 Ill.2d 483, 492; *People* v. *Collins,* 25 Ill.2d 302, 304. This rule applies equally to confessions (*People* v. *Tuttle,* 382 Ill. 147), and tangible evidence allegedly illegally seized (*People* v. *Valecek,* 404 Ill. 461, cert. denied 339 U.S. 925, 94 L. ed. 1347, 70 S. Ct. 616). We believe this principle a salutary one serving a legitimate State interest in that compliance therewith focuses the trial court's attention on alleged error, thereby quite possibly obviating the necessity for appeals and reversals. (See *People* v. *Irwin,* 32 Ill.2d 441.) But defendant argues that since testimony was adduced at the trial on cross-examination of the detectives that one of their number was not present at the trial, this alleged error was preserved for review. Where a claim of involuntariness is interposed, the prosecution must produce at the trial all persons connected with the taking of the confession or satisfactorily explain their absence. (*People* v. *Dale,* 20 Ill.2d 532; *People* v. *Jennings,* 11 Ill.2d 610.) We do not agree, for even after this testimony was elicited, defendant nevertheless failed to contest the admissibility of the confessions. We therefore hold that defendant has waived any error concerning their admission.

Defendant did object to the admission into evidence of articles taken from Hayes's car. However, as he claims no possessory interest in the articles or the automobile from

which they were taken, he has no standing to complain of their use at the trial. *People* v. *Kelley,* 23 Ill.2d 193, 196, and cases there cited. '

The final question herein is whether a statement by one of the officers during direct examination was so prejudicial as to warrant reversal and remandment for a new trial. Detective Wrubleski, in response to a question by the prosecutor, stated that French admitted taking the property but that he (French) *had sold it for a quantity of heroin,* thus bringing in evidence of another offense. A request for a mistrial was denied, but the court struck the emphasized words from the record. We believe no error to have been committed here for there was no jury to hear the statement and, in a bench trial, the presumption obtains that the trial court considers only competent evidence in reaching a decision. *People* v. *Cox,* 22 Ill.2d 534; *People* v. *Richardson,* 17 Ill.2d 253.

Accordingly, and for the reasons heretofore assigned, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*