(No. 36282.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DEWEY THIGPEN, JR., Plaintiff in Error.

*Opinion filed January 25, 1966.*

SANDOR KOREIN, of East St. Louis, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN M. KARNS, JR., State's Attorney, of Belleville, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was convicted of armed robbery after a 1959 jury trial in the circuit court of St. Clair County and sentenced to 15 to 50 years imprisonment. On this writ of error defendant contends that failure of the trial court to conduct, *sua sponte,* a hearing outside the presence of the jury concerning the admissibility of an oral confession denied him due process of law under both the Illinois and United States constitutions and that he is therefore entitled to a new trial.

While the State contends that objection to the admission of the alleged oral statement was merely as to form and procedure and did not adequately apprise the trial court that substantive admissibility was being contested, reference to the record indicates that this argument cannot be sustained.

During direct examination of the first police officer testifying at the trial the following transpired:

"Mr. Costello [assistant State's Attorney] : Q. All right, Sir, in your investigation was this defendant interrogated in the East St. Louis Police Department?

"A. Yes, Sir.

"Q. Did he make any statement concerning * * *

"Mr. Younge [counsel for defendant] : We will object to any of that, Your Honor, in that on these particular statements made at that particular time, we made a motion in this case earlier on [sic] suppress evidence on

this particular thing and were told there was no statement in this particular case and that no statement would be used.

"Mr. Costello: Mr. Younge is confused. There was another case where this man was defendant, and Mr. Younge made a motion in that case to suppress a written confession allegedly taken. There was no written confession in that case.

"Mr. Younge: They were both of this man.

"Mr. Costello: Only one case was set.

"Mr. Younge: And I made an objection and you told us there was no statement in either one.

"The Court: I don't see any.

"Mr. Younge: We object to any oral statement made.

"The Court: Objection overruled.

"Mr. Younge: We object to any statement made after this."

The police officer was thereupon allowed to relate to the jury the substance of the alleged oral confession. A later objection by the defense that no proper foundation had been laid for the admission of this statement was sustained, but the court, notwithstanding, allowed foundation material to be related before the jury and the substance of the alleged oral confession ultimately stood as evidence in the cause.

We believe that it should have been apparent to the trial court that defendant was objecting to the admission of any alleged statement; that it was his understanding that there had been no statements and that he would have moved and did earlier in a companion case move to suppress any statements obtained from defendant. When told that he was confused, he immediately objected to the admission of any oral statements. Under these circumstances it was incumbent upon the trial court to conduct a hearing as to the admissibility of the statement outside the presence of the jury, even if no specific request was made therefor. (*People* v.

*Taylor,* 33 Ill.2d 417; *People* v. *Jackson,* 31 Ill.2d 408; *People* v. *Wagoner,* 8 Ill.2d 188.) Other police officers were subsequently allowed to relate the substance of the same oral statement to the jury over continuous defense objections principally on procedural grounds. We believe, however, that the original objection referred to above was sufficient to preserve for review the error concerning admission of this statement.

As we observed in *People* v. *Taylor,* at page 422, "[A]lthough we thus conclude that the failure of the court below to conduct a hearing on the admissibility of the confessions was error, and that remandment for that purpose is required, it does not follow that this default, of itself, demands reversal of the conviction. *People* v. *Jackson,* 31 Ill.2d 408, 410, and cases there cited."

Defendant next contends that "the court erred in failing to prevent injection of highly prejudicial statements by the prosecutor and police officer witnesses." Many of the remarks set forth by defendant in his brief were not objected to at the trial and thus any error with regard thereto is deemed waived (*People* v. *Williams,* 28 Ill.2d 114, 116; *People* v. *Trefonas,* 9 Ill.2d 92, 98); others were clearly invited during the process of cross-examination by the defense and hence do not constitute reversible error (*People* v. *Burage,* 23 Ill.2d 280). In any event, we find no prejudicial error other than the erroneous admission of the oral statement and thus conclude that the remarks and statements adverted to by defendant do not constitute reversible error. See *People* v. *Henry,* 3 Ill.2d 609, 615.

It is finally contended that the verdict and judgment herein are void because the record fails to affirmatively indicate that defendant was present in court at the time of the verdict and sentence. The record affirmatively shows that defendant was present in open court at the commencement of the trial, and unless it affirmatively shows otherwise, which it does not, defendant is presumed to have been

present at all stages of the proceedings thereafter. *People* v. *Brindley,* 369 Ill. 486; see also, *People* v. *Pittman,* 28 Ill.2d 100.

For the foregoing reasons the cause is remanded to the circuit court of St. Clair County with directions to conduct a hearing on the admissibility of the alleged oral confession. If found to be admissible a new judgment of conviction should be entered. If found incompetent, the judgment must be vacated and defendant awarded a new trial.

*Cause remanded, with directions.*