(No. 39504.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CONRAD J. STRADER, JR., Appellant.

*Opinion filed September 29, 1967.*

WARD, J., took no part.

HAROLD H. WINER, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CARL M. WALSH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In October of 1957 the defendant, Conrad J. Strader, was convicted of murder after a trial before the court without a jury and was sentenced to the penitentiary for a term of fifty years. The judgment was affirmed on writ of error. (23 Ill.2d 13.) Thereafter, in 1962, the defendant filed a petition under the Post-Conviction Hearing Act alleging that his constitutional rights were violated when the trial court admitted his confessions in evidence without affording him an opportunity to introduce evidence of involuntariness. On the State's motion the post-conviction petition was dismissed on the ground of *res judicata,* and the defendant has appealed.

The defendant's post-conviction petition alleged that he was denied equal protection of the law when the trial court refused to conduct a hearing to determine voluntariness, and that he was denied due process of law because he

was convicted on the basis of a coerced confession. His petition alleged specific conduct of police officers which, if proved, would establish involuntariness.

When the defendant's trial took place, the applicable statute provided that a defendant might raise questions concerning the competency of an alleged confession by a preliminary motion, and continued: "Failure to make a preliminary motion as provided in this Section or a ruling adverse to the defendant upon such motion shall not prejudice the defendant's right to show incompetency of an alleged confession at the time it is offered into evidence." Ill. Rev. Stat. 1957, chap. 38, par. 736.1.

When the defendant's written statement was offered in evidence, his attorney objected on the ground that it had not been shown that the statement was voluntarily made. The trial judge overruled the objection on the ground that the question of voluntariness should have been raised by preliminary motion. Our opinion on writ of error quoted the applicable statute in full and then stated: "* * * it is apparent that the trial judge was confused and was mistaken in his notion that the competency of a confession can be questioned only on a motion to suppress." (23 Ill.2d at 17.) The court concluded, however, upon two grounds, "that any error in the admission of the written statement did not prejudice the defendant. The first is that the unquestionably competent evidence in the record which was admitted without objection was sufficient to prove the defendant's guilt beyond a reasonable doubt. The second is that, although defendant was denied a preliminary hearing on the question of the voluntary nature of his written statement, he subsequently took the stand in his own behalf, at which time he presumably presented whatever evidence he had that the statement was involuntary, and his own testimony completely fails to show that the statement was anything but voluntary." 23 Ill.2d at 19.

Since our decision on writ of error was rendered in

September of 1961, and since the defendant's post-conviction petition was dismissed, the Supreme Court of the United States has held in *Jackson* v. *Denno,* (1964) 378 U.S. 368, 12 L. Ed. 2d 908, that a defendant is denied due process of law "if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession * * * and even though there is ample evidence aside from the confession to support the conviction. * * * Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination upon the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession." 378 U.S. at 376-77, 12 L. Ed. 2d at 915-916.

In *Boles* v. *Stevenson,* (1964) 379 U.S. 43, 45, 13 L. Ed. 2d 109, 111, the court applied *Jackson* v. *Denno* retroactively to a Federal *habeas corpus* petitioner whose State court trial was concluded on September 22, 1960, and who had exhausted all direct appeal procedures before *Jackson* v. *Denno* was decided on June 22, 1964. Subsequently the court has stated a number of times that *Jackson* v. *Denno* applies retroactively. *Linkletter* v. *Walker,* (1965) 381 U.S. 618, 628 n.13, 639, n.20, 14 L. Ed. 2d 601, 608 n.13, 614 n.20; *Tehan* v. *United States ex rel. Shott,* (1966) 382 U.S. 406, 416, 15 L. Ed. 2d 453, 460; *Johnson* v. *New Jersey,* (1966) 384 U.S. 719, 727-28, 16 L. Ed. 2d 882, 889; *Stovall* v. *Denno,* (1967) 388 U.S. 293, 18 L. Ed. 2d 1199, 1204; compare *Sims* v. *Georgia,* (1967) 385 U.S. 533, 544, 17 L. Ed. 2d 593, 598.

The practice in this State with respect to the admission of confessions has always conformed to that required by the Supreme Court of the United States in *Jackson* v. *Denno.* Difficulties have arisen only when, as in the present case, the statute has been disregarded. In this case no

independent determination of the voluntariness of the defendant's statements was ever made, because the trial judge erroneously concluded that the defendant's failure to request a hearing before trial waived his right to such a determination.

Of the two grounds relied upon in our opinion on writ of error, the first has been eliminated by the decision of the Supreme Court of the United States in *Lynumn* v. *Illinois*, (1963) 372 U.S. 528, 537-38, 9 L. Ed. 2d 922, 928: "As was said in Payne v. Arkansas, 'this Court has uniformly held that even though there may have been sufficient evidence, apart from the coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of the coerced confession vitiates the judgment because it violates the Due Process Clause of the Fourteenth Amendment.' 356 U.S. 560, at 568, 2 L. Ed. 2d 975, 981, 78 S. Ct. 844. See Spano v. New York, 360 U.S. 315, 324, 3 L. Ed. 2d 1265, 1272, 79 S. Ct. 1202; Watts v. Indiana, 338 U.S. 49, 50, note 2, 93 L. Ed. 1801, 1804, 69 S. Ct. 1347; Haley v. Ohio 332 U.S. 596, 599, 92 L. Ed. 224, 228, 68 S. Ct. 302."

The second ground of our opinion on writ of error is not sufficient, standing alone, to sustain the judgment of conviction. Before the defendant testified, the trial judge had already ruled that the issue of voluntariness could not be considered because it had not been raised by a preliminary motion. Therefore the fact that the defendant did not offer evidence upon that issue when he took the stand can hardly be said to establish that his claim was without merit.

Under *Jackson* v. *Denno* the defendant was entitled to a hearing on the voluntariness of his statements. The judgment of the circuit court of Cook County dismissing the post-conviction petition is vacated, and the cause is remanded for a hearing on that issue. If the statements are found to have been voluntary, the post-conviction petition

should be dismissed; if they are found to have been involuntary, the judgment of conviction must be vacated and the defendant granted a new trial.

*Judgment vacated and cause remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.