**People of the State of Illinois, Appellee, v. David T. Garner, Defendant-Appellant.**

Gen. No. 68–11.

Fifth District.

April 8, 1969.

Karl D. Dexheimer, of Pope & Driemeyer, of East St. Louis, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for appellee.

EBERSPACHER, J.

This is an appeal from the Circuit Court of St. Clair County from a judgment entered upon a jury verdict finding the defendant, David T. Garner, guilty of the offense of illegal possession of a narcotic drug.

It appears from the record that on the evening of January 20, 1967, the defendant was arrested in an apartment that he occupied in East St. Louis, Illinois, by three narcotic agents for the State of Illinois and an Assistant State's Attorney of St. Clair County, Illinois. The arresting agents had in their possession at the time of the arrest a warrant for the arrest of the defendant, the validity of which is not questioned on this appeal.

The agents were admitted to the apartment by the defendant's stepdaughter. The defendant's wife arrived at the apartment shortly after the arrest of the defendant. The apartment consisted of a living room, two bedrooms and a kitchen. The defendant was located in the front bedroom where he was found dressed only in his underwear. The narcotic agents testified that the de-

fendant was advised of his constitutional rights at the time of the arrest, and that they then proceeded with a "search incidental to the arrest." The defendant's clothing was first searched and then a chest of drawers in a corner of the room was searched. Other than the bed, the chest was the only other article of furniture in the room. In the top drawer of the chest of drawers one of the agents found a small aluminum foil package and two paper match boxes containing a grayish-green plant which subsequent analysis revealed to be marijuana. One of the agents then testified over repeated objection that he presented the tinfoil package to the defendant and said: "Do you know what this is?"; that the defendant replied: "Yes, it is pot," and that the agent then asked him: "Is it yours?," and that the defendant admitted after a short space of time that it was his. The agent further testified that the defendant appeared to be under the influence of alcohol or a drug at the time of the arrest.

The defendant, testifying in his own defense, denied making this confession. The defendant also presented testimony through his wife that other persons, including herself and another man, frequently used this particular drawer of the chest to store their belongings. She further testified that some of the contents of the drawer belonged to her former husband, now deceased, and her children likewise used the chest of drawers.

The defendant alleges in his effort to reverse the judgment that: (a) the indictment was defective in that it failed to set forth the elements of the offense charged and failed to cite the exact statutory provision alleged to have been violated; (b) that the trial court erred in admitting the oral confession without first conducting a preliminary hearing; (c) that the court erred in admitting the evidence obtained as a result of the search and seizure; and (d) that the State failed to sustain

84

their burden of proving that the defendant was in possession of the drug within the meaning of the statute.

The gist of the defendant's first allegation of error is that the indictment is fatally defective in that it fails to set forth the nature and elements of the offense charged, fails to set forth the element of knowledge and fails to cite the correct statutory provision.

■ ■ We note that the indictment is drafted in the language of the statute. It has repeatedly been held that an indictment which charges an offense in the language of the statute is sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he is charged. People v. Bussie, 41 Ill2d 316, 243 NE2d 196; People v. Patrick, 38 Ill2d 255, 230 NE2d 243 (1967); People v. Gold, 38 Ill2d 510, 233 NE2d 702 (1967); People v. Mills, 40 Ill2d 4, 237 NE2d 697 (1968). We believe that the indictment meets this test. The indictment alleged ". . . illegal possession of a narcotic drug, to wit: Marijuana. . . ." There is nothing complicated about the offense; the words of the statute particularize the offense. We have no doubt that the indictment was sufficiently clear to enable him to prepare a defense.

■ The defendant's second point, attacking the indictment, is that the necessary element of knowledge is not set forth. In the recent case of People v. Mills, 40 Ill2d 4, 237 NE2d 697 (1968), the Court held, in reply to the same argument:

> "Accordingly we find that the defendant must be held chargeable with notice that the term 'possession' used in the indictment implicitly meant *knowing* possession, and therefore we hold that the indictment returned against Mills was valid, although

85

it did not expressly allege that he had knowledge of the narcotics found within his control."

See also People v. Bussie, supra.

The third point concerning the indictment raised by the defendant is that the wrong statutory provision is cited in the indictment. The defendant argues that section 22–3 of chapter 38 should have been cited, rather than section 22–40, as is cited in the indictment.

■ We note that article 22 of the Criminal Code (c 38, Ill Rev Stats), pertains to the Uniform Narcotic Drug Act; that section 22–3, which is a portion of that Act, is the violation section; and that section 22–40 is the penalty section. We further note that the penalties set forth in section 22–40 encompass the violations set forth in section 22–3, and that these violations are based upon definitions found elsewhere in the article, in this case, section 22–2–17(3), which is the definition for the substance commonly known as marijuana. We can hardly see how the defendant was prejudiced so long as the indictment focused his attention on the Uniform Narcotic Drug Act, and in this case the penalty section.

■ It has also been held that where the indictment adequately informs the accused of the nature and elements of the charge against him, failure to cite the proper statutory provision alleged to have been violated is not a basis for dismissal or for an arrest of judgment. People v. Patrick, supra.

The defendant next contends that the trial court erred when it admitted the confession in evidence without a preliminary hearing. The People contend, on the other hand, that the defendant filed no pretrial motion to produce either a written or oral confession, and filed no demand for a list of witnesses. However, it appears that there may have been an understanding for the waiving of such pretrial motions between the office of the State's Attorney and that of the Public Defender. The People further candidly admit that they

86

were unaware of the existence of a confession until the testimony of the agent during the trial. Upon the testimony of the agent, as to the alleged confession, the defendant immediately objected, moved that the confession be stricken and asked for a mistrial, all of which were overruled by the Court. The defendant also raised the objection at the close of the People's evidence on the ground that he had not been accorded a preliminary hearing as to the voluntary nature of the confession, and on further ground that the confession was not supported by all the witnesses who were present, at the time that the alleged confession was made. These objections were also overruled by the Court.

■ A confession to which no objection is made is properly admitted in evidence without the introduction of preliminary proof. People v. Jackson, 31 Ill2d 408, 202 NE2d 465 (1964) ; People v. Malin, 372 Ill 422, 24 NE2d (1939). However, if an objection is made, it is the duty of the Court to hear such evidence as the parties may present concerning the circumstances under which the confession was made. People v. Jackson, supra. In People v. Jolliff, 31 Ill2d 462 at 466, 202 NE2d 506 at 508, the Supreme Court said:

> "It is settled that a defendant who objects to the admission of a confession is entitled to a fair hearing in which the voluntariness of his confession is actually and reliably determined. (Jackson v. Denno, 378 US 368, 12 L Ed2d 908, 84 S Ct 1774, 1783.) The defendant's oral statement in which he admitted the crime charged in the indictment was such a confession. When counsel for the defendant promptly raised the issue of the voluntary nature of the confession it became the duty of the court to hold a hearing out of the presence of the jury to determine that issue. The Court's denial of the request for such a hearing was prejudicial error. Because of this er-

ror the judgment of conviction must be reversed and the cause remanded for a new trial."

Since defendant's denial of making the confession came after the determination of its voluntary nature should have been made, and the confession had been heard by the jury, his denial of it cannot be said to rectify the lack of the necessary determination.

■ Under the circumstances of this case the defendant's objection to the admission of the confession was sufficient to call for a hearing, out of the presence of the jury, on the voluntariness of the confession. People v. Thigpen, 33 Ill2d 595, 213 NE2d 534. The failure to conduct a hearing on the admissibility does not, however, require reversal of the judgment on the conviction. People v. Jolliff, supra; People v. Jackson, supra; see also Jackson v. Denno, 12 L Ed2d 908, 84 S Ct 1774; People v. Strader, 38 Ill2d 93, 230 NE2d 569; People v. Thigpen, supra.

Only one of the 4 officers present at the premises at the time the alleged confession was made testified concerning it. Their failure to do so is not explained although the witness who testified with reference to the confession testified that the other two narcotics agents "inspectors" and the Assistant State's Attorney were present when the conversation took place. We find relevant language in People v. Prohaska, 8 Ill2d 579, 585, 134 NE2d 799, 802, where the Court said:

> "We have held that all of the witnesses to the confession or those taking part in obtaining it must be produced or their absence explained. The burden is upon the State to show the confession is voluntary."

and in People v. French, 33 Ill2d 146, 149, 210 NE2d 540, page 542:

"Where a claim of involuntariness is interposed, the prosecution must produce at the trial all persons connected with the taking of the confession or satisfactorily explain their absence. (People v. Dale, 20 Ill2d 532; People v. Jennings, 11 Ill2d 610)."

The defendant next contends that the trial court erred in admitting the result of the search and seizure. The defendant does not challenge the validity of the warrant for arrest, nor the authority of the arresting agent to make a search, incidental to that arrest, of such person's immediate presence. The defendant argues, however, that the arresting agents exceeded the bounds of legitimate search when they searched the chest of drawers in the bedroom where the defendant was arrested.

██ It is clear that an officer making a lawful arrest has the right, not only to search a person arrested, but also the area within his immediate control. People v. Harvey, 27 Ill2d 282, 189 NE2d 320 (1963). In defining the outer boundaries of a person's immediate presence and control for a search incidental to arrest, our Supreme Court has allowed a search of the premises even though the defendant was arrested outside but immediately adjacent to the dwelling area. People v. Tillman, 1 Ill 2d 525, 116 NE2d 344 (1954) ; People v. Boozer, 12 Ill2d 184, 145 NE2d 619 (1957) ; People v. McGowan, 415 Ill 375, 114 NE2d 407 (1953). This view is, likewise, in accordance with the view of the United States Supreme Court. United States v. Rabinowitz, 339 US 46, 94 L Ed 653. We find that the search by the arresting agent was within these prescribed limits.

██ The last argument of the defendant is that the People failed to sustain its burden of proof that the defendant was in possession of the contraband within the meaning of the statute. We have no quarrel with the defendant's assertion that possession together with

knowledge of the fact of such possession are essential elements in the criminal offense of illegal possession of narcotics. People v. Jackson, 23 Ill2d 360, 178 NE2d 320 (1961). The strongest evidence of the defendant's knowledge of the possession of the marijuana consists of his alleged confession to the arresting agent, however, the circumstantial evidence of knowledge of possession presented here would be a sufficient basis on which to sustain a jury's finding that defendant knowingly possessed, but we have no way of knowing what their determination would have been had the confession not been in evidence. If the alleged confession is found to be voluntary and admissible, the jury had more than adequate evidence to find that the defendant had possession within the meaning of the statute, even in light of the defendant's denial of such knowledge at the trial.

Accordingly, the cause must be remanded for a hearing on the voluntariness of the confession. If the confession is found to be involuntary, the trial court will vacate the judgment of conviction and grant the defendant a new trial; otherwise, the trial court will enter a new judgment of conviction.

The efforts of appointed counsel in effectively presenting this matter are commended and appreciated.

Cause remanded with directions.

GOLDENHERSH, J., concurs.

MORAN, J., dissenting:
In my opinion this case should be remanded for a new trial because the record discloses that the defendant did not waive his right to counsel prior to the time he made the statement he was supposed to have made. People v. Braun, 98 Ill App2d 5, 241 NE2d 25; Miranda v. Arizona, 384 US 436, 16 L Ed 694, 86 S Ct 1602.