WAGNER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 122. Submitted under sec. (Rule) 251.54 October 3, 1973.*
*—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 449.)

724

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

ROBERT W. HANSEN, J. Since some of the issues and most of the confusion derive from the proposed substitute information, seeking to allege the commission of two offenses, not one, we will deal initially with that aspect of the proceedings in the trial court.

*Rejection of substitute information.* The proposed substitute information, alleging the commission of two separate offenses, was filed prior to the motion for its acceptance as an amended information. It was filed, therefore, without court approval. Discussion of the motion to substitute an information charging the defendant with the commission of two crimes, not one, was had in chambers. The trial court concluded and specifically stated that only one offense was being charged, not two. Subsequently, after the jury had been selected, the prosecutor again moved for permission to file an information charging the defendant with two offenses, not one. The trial court stated, "Well, I have ruled against that this morning. He made one sale." It is clear that on two occasions on the same day the trial court denied the prosecutor's motion to substitute an information alleging two offenses for the one charging one offense.

*Right to amend or reject.* Viewing the court-rejected proposed substitute amendment, alleging two offenses instead of one, as an "unauthorized amendment to an indictment [or information]," defendant argues that its

unauthorized filing "deprives the court of the power to try the defendant." [1] It has been held that striking of language from an indictment is not permitted,[2] and some states follow the same strict rule for amending informations—no unauthorized amendment by the prosecutor after filing.[3] However, Wisconsin has adopted a more flexible approach to the amending of informations prior to arraignment without leave of the court,[4] and by the court at the trial and even after verdict.[5] In this state no information is to be invalid by reason of any defect or imperfection in matters of form which do not prejudice the defendant.[6] As to even errors or mistakes in an information, the trial court is given authority to order an amendment to cure such defects.[7] The rule in this state is then that the trial court may allow amendment of an information at any time in the absence of prejudice to the defendant. It follows that the trial court may reject a proposed amendment to an information. It does not follow that when a court rejects a proposed amended information it likewise rejects the original information that it sought to replace. In the case before us, when the trial court rejected the proposed two-offense substitute information, it became a nullity. The amended information which the proposed substitute amendment sought to supplant was neither extinguished nor affected.[8] The

[1] Citing Annot. (1936), 101 A. L. R. 1254, 1255.

[2] *Ex parte Bain* (1887), 121 U. S. 1, 13, 7 Sup. Ct. 781, 30 L. Ed. 849.

[3] *State ex rel. Wentworth v. Coleman* (1935), 121 Fla. 13, 163 So. 316, 317.

[4] Sec. 971.29 (1), Stats.

[5] Sec. 971.29 (2) and (3), Stats.

[6] Sec. 971.26, Stats.

[7] Sec. 971.31 (8), Stats.

[8] *See: People v. Brower* (1949), 92 Cal. App. 2d 562, 564, 207 Pac. 2d 571, stating:

". . . Defendant now contends that the amended information superseded the original information and when the court set it aside the original information was set aside also, and there was left

case went on, as it did, exactly as if the court-rejected substitute information had not been offered.

*Amendments to information.* With the court-rejected, two-offense, substitute information out of the picture (actually, it was never in it), we are returned to the original information, alleging that the defendant sold cocaine, as promptly and properly amended to allege that the defendant sold both cocaine and MDA. To this court-approved initial amendment of the information, defendant makes no objection. Subsequently, the trial court allowed the following amendments to such amended information:

(1) Amendment to include the allegation that MDA is "a derivative of amphetamine."

(2) Amendment to change "dangerous substance" to "dangerous drug," and to change "contrary to section 161.30 (12) (f)" to "contrary to section 161.30 (1) (a) 2 and 161.30 (1) (a) 4 and 161.30 (12) (f)."

Defendant claims that the court approval of these amendments, coupled with the unsuccessful attempt to substitute a two-offense information, denied the defendant adequate notice of the charges against him. His brief submits that the "defendant could not know whether he was charged with the sale of cocaine; the sale of MDA; the sale of cocaine and MDA together; or the sale of cocaine and MDA as two separate offenses." A reading of the informations and record makes clear

no information upon which to try him. This contention is not well founded. Section 1008 of the Penal Code allows amendment of an information any time before plea without leave of court, but requires such leave to be obtained for an amendment after plea. The filing of the amended information without leave of court in nowise affected the original information, nor did its setting aside. This is elementary. Until the court had granted permission that it be filed, the amended information had no place in the record and was not legally filed. . . ."

*See also: State v. Thompson* (Mo. 1965), 392 S. W. 2d 617; *State v. Johnson* (1964), 97 Ariz. 27, 396 Pac. 2d 392.

that subsequent to the day of arraignment the defendant was at all times being charged with one sale of both cocaine and MDA to a person under twenty-one years of age. In rejecting the proposed two-offense substitute information, the trial court made clear that only one sale was involved, and the informations and record make that abundantly clear. The particulars of the sale need not be alleged. The purpose of an information is to charge the offense, not to set forth the evidentiary facts constituting the offense.[9] The subsequent court-allowed amendments to the amended information (1) adding that MDA is "a derivative of amphetamine;" (2) changing "dangerous substance" to "dangerous drug;" and (3) changing the statutory references introduced no elements of either surprise or prejudice to the defendant. That the jury found the defendant guilty of the sale of "a derivative of amphetamine," instead of the sale of MDA, is a distinction without difference where the information alleged that MDA was a derivative of amphetamine.

*Reference to statutes.* Defendant points out that until the final and time-of-trial amendment the information did not state the criminal statute allegedly violated, and stated merely the penalty statute for the sale of dangerous drugs. That is correct. An information is to cite the particular criminal statute violated,[10] and, if the crime is defined in one section and the penalty in another, both should be cited.[11] However, where the information enables defendant to understand the offense charged

---

[9] 42 C. J. S., *Indictments and Informations*, p. 996, sec. 115.

[10] Sec. 971.03, Stats.

[11] *See:* Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure*, 1950 Wis. L. Rev. 508, 510. *See also:* F. R. Cr. P., Rule 7 (c), specifically requiring citation of the allegedly violated statute, but providing that error in a citation or its omission shall not require dismissal if the defendant was not misled thereby to his prejudice.

so that he can prepare his defense, designation even of a completely wrong statute has been held not to vitiate an information or indictment.[12] Where a defendant was charged with possession of moonshine in violation of sec. 165.01 (3), Stats. 1925, while in actuality sec. 165.01 (32) (d), Stats. 1925, outlawed possession of moonshine, this court held the information to be sufficient in light of the fact that the information verbally described the violation and the defendant could not have been misled or prejudiced by the incorrect statutory reference.[13] Here the error is not that substantial for the correct penalty section for the offense charged was cited. Citation of the penalty section rather than the criminality section is held, on this record, not to have been an error that prevented the defendant from knowing the exact charge brought against him.[14] At the most the reference to the penalty section and not the criminal offense section was a defect or imperfection in a matter of form which did not prejudice the defendant [15] and was a defect correctable and corrected by a proper court-approved amendment of the information.[16]

*By the Court.*—Judgment affirmed.

[12] *See: People v. Greenwood* (1969), 115 Ill. App. 2d 167, 253 N. E. 2d 72; *Stewart v. State* (Alaska 1968), 438 Pac. 2d 387; *State v. Owens* (1964), 268 Minn. 321, 129 N. W. 2d 284.

[13] *Jicha v. State* (1926), 189 Wis. 620, 208 N. W. 479.

[14] *See: State v. Covens* (1971), 83 N. M. 175, 489 Pac. 2d 888; *People v. Garner* (1969), 109 Ill. App. 2d 81, 248 N. E. 2d 313, holding citation of penalty section rather than violation section not to vitiate information or indictment where the accused is adequately informed of the nature and elements of the charge against him.

[15] *See:* Sec. 971.26, Stats.

[16] *See:* Sec. 971.31 (8), Stats.