In the Matter of Allen Dale HOWARD, minor child.

No. O-73-30.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1973.

Jim McClendon, Broken Bow, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

OPINION

PER CURIAM:

In the District Court, McCurtain County, Case No. J–73–18, appellant, Allen Dale Howard, a minor thirteen years of age, was adjudicated a delinquent child and ordered a ward of the court. From the trial court's adjudication, an appeal was perfected to the Supreme Court of the State of Oklahoma. In an order dated May 14, 1973, the cause was transferred to this Court for disposition.

As this case requires reversal, a detailed statement of facts is unnecessary. Suffice it to say that on March 22, 1973, a petition was filed in the above District Court alleging that on that same date appellant committed acts requiring him to be adjudicated a delinquent child. The specific allegations within the petition asserted appellant attempted to rape one Carolyn Jean Glover, a minor age four years. After a full hearing and at the conclusion of the evidence, the court concluded from the facts presented that the allegation of attempted rape was not supported by legally sufficient evidence. However, the court determined appellant did commit the offense of indecent exposure. Consequently, he was held to be within the purview of 10 O.S. 1971, § 1101. Appellant was found to be a delinquent child and made a ward of the court.

Counsel for appellant submits in his first proposition that the trial court erred in adjudicating appellant a delinquent child on the basis he committed the offense of Indecent Exposure. We agree with appellant's counsel in regard to this issue.

Title 10 O.S.1971, § 1113 states as follows:

"If the court finds that the allegations of the petition are not supported by the evidence, the court shall order the petition dismissed and the child discharged from any detention or restriction previously ordered. The child's parents, guardian or other legal custodian shall also be discharged from any restriction or other previous temporary order."

The above statutory section clearly states the petition is to be dismissed if unsupported by the evidence. In the case at bench, this language construed literally clearly precludes the trial court from finding the appellant committed an offense separate and distinct from the offense alleged in the petition. To hold otherwise would prejudice appellant in the presentation of his defense. It would allow the court to adjudicate appellant delinquent for any offense the evidence might reveal and would in effect deny him notice of the grounds upon which the adjudication of delinquency is being pursued.

Therefore, the adjudicatory order finding appellant a delinquent child and ordering him a ward of the court is reversed and remanded. It is this Court's recommendation, after a full study of all the facts and circumstances surrounding this case, that the District Attorney and trial court consider a course of action under authority of 10 O.S.1971, § 1116 which would provide psychiatric treatment for appellant.