**J.K.D., a juvenile, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. J–87–26.**

Court of Criminal Appeals of Oklahoma.

July 20, 1987.

Rehearing Denied Aug. 20, 1987.

Mark Barrett, Norman, for appellant.

David Moss, Dist. Atty., Tulsa County, The State of Okl., Thomas C. Gillert, Asst. Dist. Atty., Randy M. Harris, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, J.K.D., a fifteen year old juvenile, was certified to stand trial as an adult in the District Court of Tulsa County for the offense of First Degree Murder in Case No. JVJ–86–676.

On July 17, 1986, Velma Andes was attacked and robbed, and her head was severely beaten with an unidentified object or was hit against the toilet. She subsequently suffered cardiac arrest at the hospital as a result of the head injuries and died.

At the prosecutive merit hearing, Terry McDorrough testified that on July 17, 1986, after hearing screams down the hall of the apartment complex he saw the appellant, who had blood on his clothing, looking out of the victim's door. He further testified that he observed appellant running from the apartment a few minutes later, and that as he chased appellant he saw appellant drop a bundle of clothing. He also stated that while he chased the appellant he heard the appellant screaming and crying and heard him say "I didn't mean to do it that way."

David Heard, Terry McDorrough's roommate, testified that during the evening hours of July 17, 1986, as he was driving in his car he was flagged down by his roommate who told him that he believed appellant had beaten up the landlady. He further testified that he went to the apartment complex where he observed appellant emerge from the back door of the apartment complex, drop a bundle of clothing, jump a retaining wall and run away. Heard then stated that he went to the victim's apartment, which was in disarray with her purse and other items strewn on the floor, and he discovered her body in the bathroom in a puddle of blood.

A forensic pathologist testified that the victim died of cardiac arrest which was caused by complications of the blunt force injuries to the head.

At the certification hearing, the State called five witnesses. Briefly stated the evidence presented at that hearing was that eleven disciplinary reports of a serious nature had been written up against appellant from July 17, 1986, until the day of the hearing on September 18, 1986; that appellant had in excess of forty disciplinary reports written up since his initial detention; that appellant displayed lack of control and loss of temper; that on one occasion appellant had to be physically restrained with the use of mechanical and leather restraints; that appellant told a staff member, "I'm going to kill you when I get out of here"; and that approximately twenty offenses had been reported to the Juvenile Bureau in reference to appellant. Furthermore, the two witnesses who expressed opinions concerning appellant's amenability to rehabilitation in the juvenile system both stated that they believed it would be inappropriate or impractical, and that appellant should be tried as an adult.

Appellant's only witness was his adoptive mother who testified concerning his various disciplinary problems and stated that she believed prison would be an inappropriate place for appellant because it would not provide any treatment for his problems.

On September 18, 1986, the trial court found that appellant was not amenable to treatment in the juvenile system and certified him to stand trial as an adult.

■ For his first assignment of error appellant asserts that because the medical evidence showed that the victim died of a heart attack a number of days after her blunt force injuries and that the heart attack was not necessarily connected to the blunt force injuries, the evidence was insufficient to show that appellant caused her death. We disagree. The forensic pathologist clearly stated, "the decedent died as a result of complications of these blunt force injuries to the head." This evidence is sufficient to show that the victim's death

was caused by the injuries she received on July 17, 1986. Hence, this assignment lacks merit.

■ Appellant next alleges that since the evidence failed to establish that he took property from the victim or intended to take property from the victim, there was insufficient evidence that any homicide occurred in the course of a robbery. At the conclusion of the prosecutive merit hearing the trial court found "... that the offense of first degree murder with malice aforethought and/or while engaged in the commission of robbery with a dangerous weapon ... was committed...." "This Court has repeatedly held that not only is it not necessary to present sufficient evidence at preliminary hearing to convict the defendant, but also that the burden of putting on evidence at a preliminary hearing may be met entirely through circumstantial evidence." *Berryhill v. State*, 568 P.2d 1306, 1310 (Okl.Cr.1977). The State presented evidence that the police found a wallet and pocketbook on the floor in the victim's apartment and that there was no paper money in either one. The State also showed that a metal cash box was found in the diningroom and it too contained no paper money. When appellant was apprehended he had twelve dollars in paper money. We find that this circumstantial evidence was sufficient to justify the trial court in finding that appellant murdered the victim in the course of robbery with a dangerous weapon. Therefore, we find no error.

■ Appellant's third assignment of error is that the trial court's orders should be reversed because neither of the two offenses on which prosecutive merit was found to exist was an offense with which he was charged in the amended petition. The amended petition which was filed against appellant alleged that appellant ... "did effect the death of Velma Andes while engaged in the commission of the crime of First Degree Burglary and Robbery by Force in the manner and form as follows, to wit: striking her about the head and body." Appellant contends that error occurred since the trial court found "first

degree murder with malice aforethought and/or while engaged in the commission of robbery with a dangerous weapon" neither of which was set forth in the amended petition. We disagree.

Title 10 O.S.1981, § 1103.1(B) provides that:

A petition may be amended by order of the court at any time before an order of adjudication has been made, provided that the court shall grant the parties such additional time to prepare as may be required to insure a full and fair hearing. A petition shall be deemed to have been amended to conform to the proof where the proof does not change the substance of the act, omission or circumstance alleged. However, the court may not amend the adjudicatory category prayed for in the petition.

The trial court properly exercised its discretion and amended the petition, prior to adjudication, to conform with the evidence presented at the hearing. The State maintained all along in its original petition and amended petition that it would proceed on the charge of First Degree Murder, and the trial court's amendment did not alter or change the substance of the act alleged. Consequently, this assignment is groundless.

■ Appellant finally urges that because both witnesses who testified concerning the prospects of treatment said there was some possibility that treatment in a structured environment would work and since other evidence showed that appellant thrived in a structured program, this Court should reverse the District Court's finding that appellant was not amenable to treatment in the juvenile system. This Court has held that the decision that a child is unfit for rehabilitation within the juvenile system is within the sound discretion of the trial court. *Matter of K.C.H. v. State*, 674 P.2d 551, 552 (Okl.Cr.1984).

After considering the six criteria set forth in 10 O.S.1981, § 1112(b), and the fact that both witnesses who testified concerning the prospects of treatment stated that they believed appellant should be tried as

174

an adult, we find no abuse of the trial court's discretion. This assignment is accordingly denied.

Having found sufficient evidence in support of prosecutive merit and nonamenability, we AFFIRM the Order of the District Court certifying J.K.D. to stand trial as an adult.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I respectfully dissent to the majority's conclusion that the twelve (12) dollars in paper money found on the appellant when he was apprehended was circumstantial evidence "sufficient to justify the trial court in finding that appellant murdered the victim in the course of robbery with a dangerous weapon." In its brief, the State argues that there "is no evidence that the property recovered from J.K.D. didn't belong to Velma Andes [the victim]." The burden for proving prosecutive merit, however, rests squarely upon the State and not the defendant. In my view, the State presented insufficient evidence to meet its burden of proving by substantial evidence that there was probable cause to believe that the appellant committed first degree murder during the course of robbery with a dangerous weapon. *See V.D.C. v. State,* 560 P.2d 1004, 1007 (Okl.Cr.1977) (insufficient evidence to show probable cause that juvenile committed grand larceny).

In the instant case, the State presented no evidence to show that the paper money found on the appellant belonged to the victim. The fact that no paper money was found in the victim's apartment, although an undetermined amount of change was found, does not make it reasonable to conclude that the paper money found on the appellant was taken from the victim, because such circumstantial evidence was not "inconsistent with any reasonable hypothesis other than the defendant's guilt." *Smith v. State,* 695 P.2d 1360, 1362 (Okl. Cr.1985), quoting *Hager v. State,* 612 P.2d 1369, 1372 (Okl.Cr.1980). The State failed to present any evidence that the appellant

took personal property belonging to the victim. The State's attempt to establish probable cause to believe that the appellant murdered the victim during the course of robbery with a dangerous weapon fails because there was no evidence connecting the paper money found on the appellant to the victim. Accordingly, I believe the State failed to meet its burden of proving prosecutive merit to the charge of first degree felony-murder. Although the evidence may have supported prosecutive merit to a charge of second degree murder, such a charge was neither filed by the State nor found by the trial judge. Therefore, the certification order should be reversed and remanded with instructions to dismiss. *See V.D.C. v. State,* 560 P.2d 1004, 1007 (Okl. Cr.1977); *In re Howard,* 515 P.2d 1399 (Okl.Cr.1973). On the basis of the foregoing, I respectfully dissent.

