In the INTEREST OF TAWANNA H., a person under the age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

TAWANNA H., Respondent-Appellant.

Court of Appeals

*No. 98–1404–FT. Submitted on briefs September 30, 1998.—Decided December 8, 1998.*

(Also reported in 590 N.W.2d 276.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Michael Yovovich,* assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *E. Michael McCann,* district attorney, by *Steven V. Licata,* assistant district attorney of Wauwatosa.

Before Wedemeyer, P.J., Fine and Curley, JJ.

WEDEMEYER, P.J.   Tawanna H. appeals from a juvenile dispositional order adjudging her delinquent for committing disorderly conduct, contrary to § 947.01, STATS., and placing her on one year supervision. Tawanna claims the trial court violated § 938.263(2), STATS., and her rights to procedural due process. The basis for this claim is that following a not guilty finding on a battery charge, the trial court *sua sponte* amended the juvenile petition to disorderly con-

duct and found her guilty of the amended charge. Because the amended charge occurred without proper notice, it unfairly prejudiced Tawanna's statutory and due process rights. We reverse.[1]

## I. BACKGROUND

On August 10, 1997, fourteen-year-old Tawanna and her thirteen-year-old neighbor, Michelle R., engaged in an argument that resulted in an injury to Michelle. The incident occurred at the apartment complex where both girls resided. The specific details of the dispute were hotly contested. According to police reports, Michelle reported that Tawanna had struck her over the head with a glass ashtray during an argument. Tawanna denied the charge, stating that the two were exchanging blows and Michelle knocked the ashtray off the table during the tussle.

Tawanna was arrested and charged with misdemeanor battery via a juvenile delinquency petition as a result of the incident. Trial was to the court. According to trial testimony, the genesis of this activity was an imagined romantic triangle involving Michelle, Tawanna, and nineteen-year-old, Michael Goodwin, who lived in the same apartment with Michelle and her mother. The argument began outside the apartment complex. After a brief exchange, Michelle walked away toward her residence. Tawanna followed and, without permission, entered her apartment along with three other individuals, Goodwin, Erica Brown and Debra Harvey. In the apartment, the two continued to argue. Again, fighting broke out. Tawanna pushed Michelle

---

[1] We note that it is undisputed that disorderly conduct is not a lesser-included offense of battery. The holding in this case should not be construed to mean that a conviction of a lesser-included offense is prejudicial.

into a closet. She responded by hitting Tawanna. The two then began tussling on a couch. Michelle claimed Tawanna struck her with an ashtray which caused her to seek medical treatment. Specifically, Michelle testified that Tawanna:

> was yelling and screaming saying I said things, and she walked past me and she shoved me into the closet, and I turned around and I hit her. And after that happened I tripped over a chair and I fell on the couch, and she picked up the ashtray and hit it over my head.

Tawanna denied the accusation. The trial court also heard the testimony of investigating police officer Richard Santiago, Daquita Greer, a friend of Tawanna, and Goodwin.

Upon the conclusion of testimony, the trial court ruled that the State had not met its burden of proving battery due to inconsistent, inaccurate and incredible testimony. Over the objection of defense counsel, however, the trial court, on its own motion, reduced the charge to disorderly conduct and placed Tawanna on supervision for a period of one year. At the prompting of the State, the trial court ruled that it was entitled to amend the charge to conform to the evidence pursuant to § 938.263(2), STATS. She now appeals.

## II. ANALYSIS

Tawanna contends that the trial court violated § 938.263(2), STATS., and procedural due process when it, *sua sponte* and without notice, amended the juvenile petition from battery to disorderly conduct after finding her not guilty of battery. The State responds that Tawanna was not prejudiced by the amendment and, therefore, we should reject her claim. Because the trial

575

court's amendment occurred without notice to Tawanna, the amendment was in violation of § 938.263(2), STATS., and prejudicial as her due process rights were violated. Accordingly, we conclude the trial court erred in amending the battery charge to disorderly conduct.

In juvenile delinquency cases, notice of specificity of charges is substantially the same as for adult criminal charges. *See In re Gault*, 387 U.S. 1, 33–34 (1967). In *Gault*, the United States Supreme Court declared: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." *Id.* at 33 (internal quotemarks and footnote omitted); *see also Cole v. Arkansas*, 333 U.S. 196, 201 (1948) (there is no principle of due process more important or more firmly established than notice of the specific charge in order that an accused can prepare a defense). Here there was no notice given to Tawanna that she was subject to a disorderly conduct charge. There is no question that the trial court relied upon § 938.263(2), STATS., to support its conclusion to reduce the charge. The subsection reads:

> With reasonable notification to the interested parties and prior to the taking of a plea under s. 938.30, the petition may be amended at the discretion of the court or person who filed the petition. After the taking of a plea, the court may allow amendment of the petition to conform to the proof if the amendment is not prejudicial to the juvenile.[2]

---

[2] We note that after the trial court found Tawanna not guilty of misdemeanor battery, the State urged the trial court to also find Tawanna guilty of another uncharged offense, criminal

Our search reveals no reported cases interpreting this provision. There is, however, a criminal code counterpart in § 971.29(2), STATS., which provides in pertinent part: "At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant." The common requirement of both statutes is that an amendment in the charging document to conform to the proofs offered during trial may be allowed only if not prejudicial to the juvenile or defendant. The question before us then is, in the context of due process requirements, did prejudice ensue from the trial court's unilateral amendment of the charge.

■

Case law supports the statutorily mandated "absence of prejudice" requirement. "The rule in this state is then that the trial court may allow amendment of an information at any time in the absence of prejudice to the defendant." *Wagner v. State*, 60 Wis. 2d 722, 726, 211 N.W.2d 449, 452 (1973). "Prejudice has always been a consideration with regard to amending a charging document." *State v. Gerard*, 189 Wis. 2d 505, 517 n.9, 525 N.W.2d 718, 722 n.9 (1995). Finally, in *State v. Wickstrom*, 118 Wis. 2d 339, 348 N.W.2d 183 (Ct. App. 1984), we stated:

> The purpose of the charging document is to inform the accused of the acts he allegedly committed and to enable him to understand the offense charged so he can prepare his defense. The charging document may be amended if there is no prejudice to the defendant. When an amendment to the charging document does not change the crime charged, and when the alleged offense is the same

trespass, but the court declined the invitation on the basis of insufficient proof. This is not an issue in this appeal.

and results from the same transaction, there is no prejudice to the defendant.

*Id.* at 348, 348 N.W.2d at 188 (citations omitted); *see also State v. Koeppen*, 195 Wis. 2d 117, 123, 536 N.W.2d 386, 388–89 (Ct. App. 1995) (affirming this principle).

The State argues that the case law interpreting § 971.29(2), STATS., should not be applied to § 938.263(2), STATS., for several reasons. First, it is required that Chapter 938, the Juvenile Justice Code, unlike Chapter 971, be "liberally construed in accordance with the objectives expressed." These objectives are set forth in detail in § 938.01(2), STATS.[3] The State

---

[3] Section 938.01(2), STATS., provides:

It is the intent of the legislature to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system which will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively. To effectuate this intent, the legislature declares the following to be equally important purposes of this chapter:

(a) To protect citizens from juvenile crime.

(b) To hold each juvenile offender directly accountable for his or her acts.

(c) To provide an individualized assessment of each alleged and adjudicated delinquent juvenile, in order to prevent further delinquent behavior through the development of competency in the juvenile offender, so that he or she is more capable of living productively and responsibly in the community.

(d) To provide due process through which each juvenile offender and all other interested parties are assured fair hearings, during which constitutional and other legal rights are recognized and enforced.

(e) To divert juveniles from the juvenile justice system through early intervention as warranted, when consistent with the protection of the public.

(f) To respond to a juvenile offender's needs for care and treatment, consistent with the prevention of delinquency, each juvenile's best interest and protection of the public, by allowing the judge to utilize the most effective dispositional option.

578

claims that a reading of the trial transcript demonstrates that the trial court fully complied with the stated objectives and therefore properly invoked § 938.263(2) in amending the charge to conform to the proofs. Second, while acknowledging that due process is a fundamental requirement in both the criminal and juvenile courts, the State attempts to discern a difference in the process in the respective tribunals. It reasons that while the trier of fact in most cases involving § 971.29(2) will be a jury, usually the trier of fact, when § 938.263(2) is in operation, will be the court pursuant to § 938.31(2), STATS. ("The hearing shall be to the court."). Thus, the State contends, unlike a jury, the juvenile judge is both the arbiter of the law and the determiner of the facts and thus, is in the best position to assess what amendments may fairly be made to a delinquency petition in order to conform to the evidence and serve the objectives of the Juvenile Code. Last, the State asserts that no prejudice has been demonstrated. We are not persuaded.

Section 938.01(2)(d), STATS., states with clarity that one of the objectives of the Juvenile Justice Code is: "To provide due process through which each juvenile offender and all other interested parties are assured fair hearings, during which constitutional and other legal rights are recognized and enforced." To adopt the State's position would give hollow meaning to this declaration. Due process protects an accused against unfair prejudice in conducting an adversarial proceeding. It is such a fundamental link to achieving justice,

(g)    To ensure that victims and witnesses of acts committed by juveniles that result in proceedings under this chapter are, consistent with the provisions of this chapter and the Wisconsin constitution, afforded the same rights as victims and witnesses of crimes committed by adults, and are treated with dignity, respect, courtesy and sensitivity throughout such proceedings.

it ought not be rationed according to age. If unfair prejudice prevails in an adversarial proceeding, regardless of the forum, justice cannot. For this reason, we conclude that the case law developed under *Wagner* and its progeny (most recently affirmed in *Koeppen*, relating to § 971.29(2), STATS.) applies with equal force to juvenile proceedings.

The record reveals that Tawanna was accused of one charge, battery. There is no indication in the State's trial presentation of an intention to submit proofs for any other charge. It is evident from the trial transcript that the three witnesses called by the defense were there for the sole purpose to testify about the alleged battery, and that the cross-examination of the two State witnesses related solely to the battery charge. Closing argument by both counsel further underscores that the issue was battery. Tawanna was successful in her defense against the charged offense. She was then, however, found guilty of an entirely different offense of which she had not been informed and, consequently, against which she had not prepared. Her defense was prepared on the basis of defending a battery, not disorderly conduct. The amendment prejudiced her defense because it did not inform her as to against what charge she was defending. This lack of notice may have affected defense decisions such as whom to call as a witness, cross-examination strategies, and whether to object to certain evidence. Although the separate offenses resulted from the same transaction, the offenses were not the same. The elements of battery and disorderly conduct are not similar and clearly not the same.

█

After both parties had rested and the trial court had reviewed the evidence, the trial court decided that

the State had not met its burden of proof for battery, but that the testimony warranted a determination of disorderly conduct. Defense counsel objected to any reduction in the charge unless it was a lesser-included offense and requested time to research the issue. This request was rejected outright. Defense counsel then further objected, claiming that the trial court's ruling had prejudiced the defense because the elements of disorderly conduct were not tried. In the context of how the trial was concluded and a decision reached, we deem that Tawanna's efforts to prevent error were sufficient to demonstrate the presence of prejudice. Accordingly, the amendment occurred in violation of both § 938.263(2), STATS., and Tawanna's due process rights.

In summary, we conclude that Tawanna was not properly notified to satisfy basic due process and, as a result, her ability to defend herself was unfairly prejudiced contrary to § 938.263(2), STATS.

*By the Court.*—Order reversed.