938 A.2d 43

### In re AREAL B.

### No. 2096, Sept. Term, 2006.

Court of Special Appeals of Maryland.

Dec. 27, 2007.

Brian M. Saccenti (Nancy S. Forster, Public Defender on the brief), Baltimore, for appellant.

Celia Anderson Davis (J. Joseph Curran, Jr., Attorney General on the brief), Baltimore, for appellee.

Argued before KRAUSER, C.J., HOLLANDER and BARBERA, JJ.

BARBERA, J.

Areal B. was charged by juvenile delinquency petition with the act of engaging in prostitution. The State's proof, however, established that Areal committed not prostitution, but solicitation for prostitution. After the State rested, the defense moved to dismiss the petition based on insufficiency of the evidence, and the juvenile master, at the State's request and over defense objection, amended the petition to add a second count charging solicitation. The master denied Areal a continuance, reasoning that the defense was on notice that solicitation "may very well have been charged," and "the facts are the facts." The defense rested without putting on any evidence.

The juvenile master granted the defense motion to dismiss the charge of prostitution and found Areal involved in the act of solicitation for prostitution. The master recommended to the Circuit Court for Baltimore City, sitting as the juvenile court, that the State's request to amend the petition be granted. The master further recommended that Areal be found delinquent and placed on probation under the supervision of the Department of Juvenile Services for an indefinite period of time.

Areal filed an exception in the circuit court to the master's recommendations. She challenged the recommended amendment, the denial of her request for a continuance, and the recommendation that she be found involved in the act of solicitation for prostitution. The juvenile court denied the exception and approved the master's recommendations. The court adjudicated Areal delinquent and placed her on indefinite probation.

Areal raises a single complaint on appeal: "Did the juvenile court err by adding a new count charging a different offense at the adjudicatory hearing after the State rested its case and conceded that the evidence was insufficient to prove the offense originally charged?" We agree with Areal that the juvenile court erred and reverse the judgment.

## BACKGROUND

The State alleged in the original juvenile petition that Areal was engaged in prostitution, which is conduct that if committed by an adult would constitute a violation of Maryland Code (2002), § 11–306(a)(1) of the Criminal Law Article ("CL"). An adjudicatory hearing was conducted before a juvenile master, at which the State's sole witness, Detective Michael Poole, testified to the facts underlying the charge.

Detective Poole testified that, on August 31, 2005, he was driving an undercover vehicle in the 700 block of East Patapsco Avenue in Baltimore City when he made eye contact with Areal. She waved at Detective Poole, who returned the gesture and pulled over. Areal got into the detective's car,

and the two drove off. Areal asked the detective, "What do you want to do?" Detective Poole replied that he wanted her to perform fellatio upon him. Areal responded "Yeah, okay," and the two agreed on the price of $20. Shortly thereafter, Detective Poole advised Areal that he was a police officer and arrested her.

Following cross-examination of the detective, the State rested its case. Defense counsel moved to dismiss the delinquency petition, asserting that the State failed to prove that Areal had engaged in prostitution. The State agreed. The juvenile master asked the State if it wished to amend the petition to add the charge of solicitation for prostitution. In making that suggestion, the master evidently was relying on Maryland Rule 11–108(a), which permits the amendment of a juvenile petition "by or with the approval of the court at any time prior to the conclusion of the ad judicatory hearing." The State answered that it wanted the amendment.

The defense objected and asked for a continuance. Before the master ruled on the objection and continuance request, the State added that defense counsel knew of the police report as early as Areal's arraignment. The police report stated that Areal "[d]id solicit Detective Poole for fellatio in U.S. currency."

The master stated that he would recommend to the juvenile court that the petition be amended to add the solicitation charge and Areal's request for a continuance be denied. The master explained his reasoning: "[F]irst of all, I think that [Areal] was on notice that this may very well have been charged, although she's also relied on a document which did not charge it, so I understand that." The master added: "I also don't see the need for a continuance in this case. The facts are the facts, and they're very simple and very straightforward facts."

The master granted the motion to dismiss the charge of prostitution on the ground that the charge was not sustained by the facts, and he found that the newly added charge of solicitation was sustained by the facts. The master conducted

a disposition hearing several weeks later and recommended to the juvenile court that Areal be placed on indefinite probation.

Areal filed an exception in the Circuit Court for Baltimore City. She argued, as one of two claims, that her due process rights were violated when the master permitted the State to amend the petition to change the character of the offense.[1] The juvenile court held a hearing on the exception. The court, reasoning that Maryland Rule 11–108(a) permits an amendment to the delinquency petition, denied the exception. The court explained that, although the amendment "allegedly changed the character of the offense[,] . . . a juvenile petition may be amended by or with the approval of the Court at any time prior to the conclusion of the adjudicatory hearing."

In a written memorandum explaining its ruling, the juvenile court reiterated that Rule 11–108 allows a petition to be amended in a case such as this. The court rejected Areal's reliance upon rules of procedure applicable to criminal matters and case law construing those rules, stating that they do not apply to juvenile cases.

This appeal followed.

## DISCUSSION

Areal presents two arguments in support of her claim that the judgment should be reversed. She argues that amendment of the delinquency petition to add a new count abridged her due process rights to "specific and adequate notice" of the charge against her. In a related argument, she maintains that Rule 11–108 "cannot reasonably be construed" to permit the addition of the new count under the circumstances of this case.

The State denies that Areal's due process rights were violated by the amendment of the petition and emphasizes that Rule 11–108 permits the amendment of a juvenile petition at any time before the conclusion of the adjudicatory hearing.

---

1. Areal asserted, too, that there had been a double jeopardy violation. The circuit court rejected that ground for the exception. Areal does not challenge the judgment on that ground.

The State also reminds us that the Juvenile Causes provisions of the Courts and Judicial Proceedings Article illustrate the central purpose of juvenile proceedings to be the "care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest[.]" Md.Code (1973, 2006 Repl.Vol.), § 3–8A–02(4) of the Courts and Judicial Proceedings Article.

■ Before delving into the issues presented by this appeal, we establish what is *not* before us. Areal asserts, and the State does not seriously disagree, that the juvenile delinquency petition charged only prostitution, not solicitation for prostitution.[2] CL § 11–306(a) proscribes, among other acts, the act of engaging in prostitution and the act of soliciting for prostitution. That section reads, in pertinent part: "(a) *Prohibited.*—A person may not knowingly: (1) engage in prostitution or assignation by any means; ... or (5) procure or solicit or offer to procure or solicit for prostitution or assignation." The terms "prostitution" and "solicit" are defined in CL § 11–301. " 'Prostitution' means the performance of a sexual act, sexual contact, or vaginal intercourse for hire." CL § 11–301(c). " 'Solicit' means urging, advising, inducing, encouraging, requesting, or commanding another." CL § 11–301(f).

The original petition charged that Areal "[d]id engage in prostitution, in violation of Criminal Law Article, Section 11–306." By charging Areal with "engaging in prostitution," the petition necessarily charged her with engaging in "the performance of a sexual act, sexual contact, or vaginal intercourse

---

**2.** The State simply states that, "arguably, in this case, the effect of the amendment to the juvenile petition was not to charge a new offense, but rather to charge an inchoate form of the same offense." The State offers no authority for that argument other than a citation to *Denicolis v. State,* 378 Md. 646, 659, 837 A.2d 944 (2003), which simply sets forth the definition of the common law crime of solicitation. In any event, the inchoate form of an offense is a not the "same offense" as the completed offense. *Cf. Apostoledes v. State,* 323 Md. 456, 461–63, 593 A.2d 1117 (1991) (stating that conspiracy to commit murder and murder are not the "same offense" under the required evidence test).

for hire." *See* CL § 11–301(c). We agree with Areal that the petition did not expressly charge the act of solicitation for prostitution.

■ Areal further asserts, and the State does not argue differently, that the general reference in the petition to CL § 11–306 did not enlarge the scope of the charge to include a charge of solicitation. We agree. It is settled that the scope of the charge is limited by the allegation in the document, not by the statutory citation. *Thompson v. State*, 371 Md. 473, 489, 810 A.2d 435 (2002) ("The character of the offense is determined by what is stated in the body of an indictment, not the statutory reference or caption.") (internal quotation marks omitted); *Ayre v. State*, 291 Md. 155, 168 n. 9, 433 A.2d 1150 (1981) (explaining that the statutory reference in a charging document "exists as a matter of convenience to the parties and the court, and thus possesses no substance of its own").

■ We also agree with Areal that the State did not charge her with solicitation for prostitution merely by charging her with engaging in prostitution. Solicitation for prostitution is not a lesser included offense of prostitution. Rather, the two offenses punish altogether different behavior. Comparison of the statutory definitions of the terms "prostitution" and "solicitation" makes that apparent. *Compare* CL § 11–301(c) *with* CL § 11–301(f). Moreover, each offense can be committed without committing the act that defines the other, so the two offenses are not the "same offense" under the "required evidence" test. *See Anderson v. State*, 385 Md. 123, 131, 867 A.2d 1040 (2005) (explaining the required evidence test).

■ We now turn to the question that *is* before us: whether the court abridged Areal's entitlement to due process by amending the juvenile petition to add a new charge after the State had rested its case. That question implicates the concept of "fair notice."

■ Juvenile causes are civil, not criminal proceedings. *In re Anthony R.*, 362 Md. 51, 69, 763 A.2d 136 (2002). Nevertheless, "many of the constitutional safeguards afforded

criminal defendants are applicable to juveniles." *Id.* (citations and internal quotation marks omitted). Among other safeguards, a juvenile alleged to have engaged in a delinquent act is entitled under the Due Process Clause of the Fourteenth Amendment to adequate notice of the allegations. *In re Gault,* 387 U.S. 1, 30–31, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

In *Gault,* the Supreme Court discussed what is required of notice in a juvenile delinquency case to satisfy due process under the federal Constitution. The Court emphasized that "[n]otice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." *Id.* at 33, 87 S.Ct. 1428 (citation and internal quotation marks omitted). The Court declared that provision of notice at the time of a hearing on the merits is untimely. *Id.* The Court emphasized that the child and his parents or guardians must "be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and *in any event sufficiently in advance of the hearing to permit preparation." Id.* (emphasis added). The Court added that due process "does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet." *Id.* at 33–34, 87 S.Ct. 1428. In short, due process of law under the Fourteenth Amendment requires in juvenile delinquency proceedings "notice which would be deemed constitutionally adequate in a civil or criminal proceeding." *Id.* at 33, 87 S.Ct. 1428.

■ In addition to the protections afforded juveniles under the federal Constitution, juveniles in Maryland are entitled to fair notice of the allegations under Article 21 of the Maryland Declaration of Rights.[3] *In re Roneika S.,* 173 Md.App. 577,

---

3. Article 21 of the Maryland Declaration of Rights guarantees "[t]hat in all criminal prosecutions, every man hath a right to be informed of the

588, 920 A.2d 496 (2007). The Court of Appeals has said that notice under Article 21 of the Maryland Declaration of Rights has several purposes:

> (i) to put the accused on notice of what he is called upon to defend by characterizing and describing the crime and conduct; (ii) to protect the accused from a future prosecution for the same offense; (iii) to enable the defendant to prepare for his trial; (iv) to provide a basis for the court to consider the legal sufficiency of the charging document; and (v) to inform the court of the specific crime charged so that, if required, sentence may be pronounced in accordance with the right of the case.

*Ayre v. State,* 291 Md. at 163, 433 A.2d 1150.

Areal argues that amending the petition to add the charge of solicitation after the State rested its case violates *Gault.*[4] The State does not deny the relevance of *Gault* to this case and does not argue that a mid-hearing amendment of a juvenile petition to charge a new offense comports with *Gault.* The State simply asserts that Areal was adequately informed that the charge of solicitation was a possibility in the case. In support of that assertion, the State points out that the police report provided to Areal's attorney at arraignment stated that Areal "[d]id solicit Detective Poole for fellatio in U.S. currency." The State notes, moreover, that Areal "does not suggest how she or her attorney could have prepared differently if the petition had alleged that she did solicit prostitution as opposed to alleging she did engage in prostitution."

We agree with Areal that she was not afforded due process in this case. Amendment of the petition to add the new charge undermined at least two of the purposes for requiring

---

accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence[.]"

**4.** Areal has not raised the separate claim that the addition of the solicitation charge violates Article 21 of the Maryland Declaration of Rights. Our decision in *Roneika S.,* which held that juvenile delinquency petitions are governed by Article 21, was issued after the proceedings were conducted in this case.

advance notice of the specific charge: to put the accused on notice of what he or she is called upon to defend and to enable the accused to prepare for trial. *See Ayre,* 291 Md. at 163, 433 A.2d 1150.

Furthermore, we are not at all convinced by the State's claim that the contents of the police report put Areal on de facto notice of the charge of solicitation, particularly when the delinquency petition itself charged the different offense of prostitution. Indeed, in *Gault,* the Supreme Court rejected the Arizona Supreme Court's view that the parent of the juvenile "knew the exact nature of the charge against [the juvenile] from the day he was taken to the detention home," a week before the adjudicatory hearing. *See* 387 U.S. at 32, 87 S.Ct. 1428. The Supreme Court, noting that "one of the purposes of notice is to clarify the issues to be considered," explained that "knowledge" by the mother of the juvenile of the charge against the juvenile "does not excuse the lack of adequate notice." *Id.* at 34 n. 54, 87 S.Ct. 1428.

We also reject the State's factually incorrect assertion that Areal does not explain how she could have prepared for trial any differently had she been properly informed of the charge. Areal states in her brief:

> By adding a new charge after the State rested, the defense was deprived of the opportunity to prepare for the adjudicatory hearing by researching the law applicable to that offense and making an appropriate factual investigation. Confronted with a petition that charged only that appellant "engage[d] in prostitution," defense counsel's preparation and trial strategy naturally would have focused on whether the State could prove the elements of that charge, not on whether the State could prove elements of an uncharged crime. Indeed, the charges on a petition will often affect the respondent's decision to contest the charges in an adjudicatory hearing or pursue the benefits of a plea agreement.

Cases from a number of our sister jurisdictions have held that the mid-trial amendment of a juvenile delinquency peti-

tion to charge a new offense runs afoul of *Gault* and deprives the juvenile of due process. *State ex rel Juvenile Dep't of Multnomah County v. Henson,* 97 Or.App. 26, 775 P.2d 325 (1989), is one such case. In *Henson,* the juvenile was charged in the original petition with first degree sexual abuse for having forcibly compelled his victims to engage in sexual acts. After both sides rested, the juvenile court noted that the victims, who were under twelve years old, had not testified that the juvenile did anything to put them in fear. The court noted its surprise that the State had not charged the juvenile with first degree sexual abuse for having consensual sexual contact with persons under the age of twelve. The prosecutor moved to amend the petition to conform to the proof adduced at the hearing. The court granted the motion over the juvenile's objection, relying on an Oregon statute, which, like Rule 11–108, provided at the time *Henson* was decided that a juvenile court may direct that a petition be amended provided the court grants the juvenile a continuance.[5]

The Oregon Court of Appeals reversed, reasoning that the juvenile court must "apply the statute [pertaining to an amendment to the petition] ... within the limits of due process." *Henson,* 775 P.2d at 326. The court's analysis is particularly apropos of this case, so we quote it at some length:

> In this case, the child received notice that he would have to defend against charges of forcibly compelling the victims to engage in sexual activity. The record shows conclusively that he prepared his defense in response to the specific charges. Had he known that he would have to defend against charges involving sexual contact with victims youn-

---

5. Maryland Rule 11–108(c) provides: "If a juvenile petition or other pleading is amended, the court shall grant the parties such continuance as justice may require in light of the amendment." OR.REV.STAT. § 419.500(1) (1959) provided: "The court, on motion of an interested party or on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant a continuance as the interests of justice may require." *Henson,* 775 P.2d at 326.

ger than twelve, his defense would necessarily have to have been different, because he would have had to dispute whether the alleged contacts had actually occurred. As he pointed out to the trial court, the substance of that defense would necessarily have changed the nature of his cross-examinations. When the court amended the petition, cross-examination had already happened, and a continuance could not have helped him. As a result of the amendment, the court was able to find, and actually found, that the child had committed acts with which he had had no pre-hearing notice of being charged and for which he had not prepared a defense. The child did not receive constitutionally required notice.

We do not hold that the amendment of a petition at the close of a juvenile hearing is always a violation of due process. Issues may be tried by consent, for instance, and an amendment to conform to the evidence actually presented and the issues actually tried might be proper. The amendment that the court permitted in this case, however, changed the nature of the case and did not conform to any issue that the parties tried by express or implied consent. The child was found to have committed an offense with which he had not been charged before the evidence was heard and for which he did not consent to be tried. That has been improper since *In re Gault, supra,* at least. *Id.*

*In re Tawanna H.*, 223 Wis.2d 572, 590 N.W.2d 276 (Ct.App. 1998), has a similar analysis and result. In that case, the juvenile court was held to have violated the juvenile's due process rights when, after the parties rested, the court amended the juvenile petition from battery to disorderly conduct and adjudicated Tawanna delinquent on that charge. The appellate court concluded that the amended charge occurred without adequate notice. The court explained that the juvenile was successful in her defense against the charged offense. She was then, however, found guilty of an entirely different offense of which she had not been informed and, consequently, against which she had not prepared. The amend-

ment prejudiced her defense because it did not inform her as to against what charge she was defending. This lack of notice may have affected defense decisions such as whom to call as a witness, cross-examination strategies, and whether to object to certain evidence. Although the separate offenses resulted from the same transaction, the offenses were not the same.

*Tawanna H.*, 590 N.W.2d at 279.

Other jurisdictions are in accord, holding that due process is violated by adjudicating a juvenile delinquent based either on a new charge that is added mid-hearing or on an uncharged offense. *See C.R.C. v. State*, 842 So.2d 235, 237 (Fla.Dist.Ct. App.2003) (holding that the juvenile court committed reversible error in adjudicating the juvenile delinquent based on uncharged conduct because "[c]onviction of an offense not within the ambit of the charging document constitutes a denial of due process and is fundamental error."); *J.D.B. v. Juvenile Officer*, 2 S.W.3d 150, 156 (Mo.Ct.App.1999) (holding that "the principles expounded in *In re Gault*" were violated when, after the juvenile testified, the commissioner added a new charge and adjudicated the juvenile delinquent on the basis of that charge); *In re Davis*, 114 N.C.App. 253, 441 S.E.2d 696, 698 (1994) (holding that the court ran afoul of *Gault* in adjudicating the juvenile delinquent on the basis of an uncharged offense notwithstanding that defense counsel agreed to have the court consider that offense); *In re Howard*, 515 P.2d 1399, 1400 (Okla.Crim.App.1973) (holding that the juvenile court erred in adjudicating the juvenile delinquent based on an uncharged offense, because to conclude otherwise "would allow the court to adjudicate appellant delinquent for any offense the evidence might reveal and would in effect deny him notice of the grounds upon which the adjudication of delinquency is being pursued.").

Similarly, Areal was adjudicated on the basis of a new charge that was added to conform with the State's proof. Although Maryland Rule 11–108(a) permits amendment of the delinquency petition "by or with the approval of the court at any time prior to the conclusion of the adjudicatory hearing,"

the rule must be read in light of constitutional dictates. It does not comport with either federal Constitutional due process notice standards, discussed in *Gault,* or the fair notice standards of Article 21 of the Maryland Declaration of Rights, discussed in *Roneika S.,* to apply the provisions of Rule 11–108(a) under the circumstances of this case.

We therefore hold that Areal's entitlement to fair notice of the charge against her was violated when the court amended the petition to add a new charge, after the State has rested its case and over defense objection, and immediately adjudicated her delinquent on the basis of that charge. Our holding is a narrow one. We do not decide whether due process would have been satisfied (or whether other constitutional concerns might have arisen) had the court ordered a continuance under Rule 11–108(c) to permit Areal the opportunity to prepare a defense to the solicitation charge. We only decide the case before us, and the facts of this case demand that we reverse the delinquency adjudication.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**